Louis B. Heller, J.
In this action to recover damages alleged to have been sustained by the plaintiff in consequence of the defendants’ failure to restore a fire-damaged premises of which the plaintiff was the tenant under a lease, the plaintiff moves for an order striking out five affirmative and separate defenses and a partial defense pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice and granting plaintiff summary judgment and a hearing to assess the extent of plaintiff’s damages.
In a prior action for a declaratory judgment instituted by the plaintiff against the defendants, which was consolidated with a summary proceeding initiated by the defendants as landlords, the court there held that the defendants had no right to terminate the lease and were obligated and it was incumbent upon them at their own cost and expense to restore the premises to its original condition as it existed prior to the fire.
*267 The defendants in this action have interposed as and for their first three defenses, claims of estoppel, splitting causes of action and res judicata, resulting from the failure of the plaintiff to include in its original declaratory judgment action the damages claimed herein. The partial defense in essence alleges that until the final determination of the previous litigation, the plaintiff may not recover damages for the period between the date of the fire and the expiration of the defendants ’ time to appeal from the judgment. The fourth defense is to the effect that the defendants proceeded to repair and restore the premises within a reasonable time after the adjudication in the action for a declaratory judgment. The fifth defense in substance alleges that the failure of the defendants to proceed with the repair and restoration of the premises prior to the entry of the judgment in the declaratory action was caused by the plaintiff instituting such action and consolidating it with the summary proceeding in which proceeding the rights of the party could have been determined at a much earlier date.
The first three defenses of estoppel, splitting of causes of action and res judicata are stricken. It has been held in an analogous situation that in an action for a declaratory judgment a plaintiff does not seek to enforce a claim against a defendant, but merely a judicial declaration of the rights of the parties for the purpose of guiding their future conduct and it is not essential that damages be sought in such action. The action for a declaratory judgment merely establishes a plaintiff’s rights and he subsequently can seek compensation from anyone who has violated such rights. (Lynch v. Bailey, 279 App. Div. 650, affd. 304 N. Y. 669.) Accordingly, these defenses are stricken as insufficient in law.
The partial defense, as well as the fourth and fifth defenses, also fail to set forth matters sufficient in law. The purpose of a declaratory action is to enable a party whose rights, privileges and powers are endangered, threatened or placed in uncertainty, to invoke the aid of the court to obtain a declaration of his rights or legal possession before he subjects himself to damages or loss. The remedy is intended to afford litigants an opportunity in proper cases to obtain a determination of their rights and obligations before either side has taken some action resulting in a change of position which may well result in making it impossible to restore the parties to the respective positions they occupied previously. (Merrick Park Home Owners Assn. v. Town of Hempstead, 142 N. Y. S. 2d 636.)
This court has clearly indicated that the relief sought by the plaintiff in the original action was the proper remedy (Dale *268 Renting Corp. v. Levinsohn, 213 N. Y. S. 2d 105). The defendants having determined that they had the legal right to cancel the lease, after the fire, subjected themselves to the risk of any damage sustained to the plaintiff from such time in the event their determination was held to be without legal basis.
The court having found that they did not have the right to cancel the lease, plaintiff should not be penalized for the illegal, unilateral acts of the defendants. The consequential damages sustained by the plaintiff came into existence upon the failure of the defendants to comply with the terms of the lease.
Accordingly, these defenses are stricken and plaintiff’s motion for summary judgment granted and the cause set down for an assessment of damages as provided for by rule 113 of the Rules of Civil Practice upon the payment of the calendar fees.