## (April 16, 1974)

■ BERLITZ PUBLICATIONS, INC., et al., Appellants-Respondents, v. CHARLES F. BERLITZ et al., Respondents-Appellants and Third-Party Plaintiffs-Appellants; CROWELL COLLIER AND MACMILLAN, INC., Third-Party Defendant-Respondent, and ROBERT STRUMPEN-DARRIE, Third-Party Defendant.— Judgment, Supreme Court, New York County, entered June 12, 1973 unanimously modified, on the law and the facts, to the extent of reducing the award by the discounted value (at the rate of 5%) of $8,820 yearly for the remaining 11 years of the contract, and as so modified the judgment is affirmed without costs and without disbursements. We agree with the trial court's conclusion that plaintiff was responsible for the breach of contract and is liable to defendant Charles Berlitz in the following amounts: (1) base salary in the amount of $12,000; (2) the 20% Grosset & Dunlap royalties in the amount of $17,754 yearly; (3) moneys due under the oral agreements in the amount of $18,702 yearly. We further believe that it was proper in the circumstances of this case to grant a lump sum award. However, the trial court's finding limiting mitigation to the amount of $3,180 yearly was against the weight of the evidence. Not only does the record amply demonstrate that Charles Berlitz' earning capacity during the 1967-1970 period was far in excess of that figure, but it is apparent, particularly once the burdens and restrictions of this litigation are removed, that said defendant "will earn, or could with reasonable diligence earn during the unexpired term", (*Hollwedel* v. *Duffy-Mott Co.,* 263 N. Y. 95, 101) an amount at least equal to the $12,000 base salary. No new trial on the issue of mitigation is required since only the base salary

will be offset thereby. Concur—Markewich, J. P., Kupferman, Murphy and Tilzer, JJ.