■ BERLITZ PUBLICATIONS, INC., et al., Appellants, v. CHARLES F. BERLITZ et al., Respondents.— Order, Supreme Court, New York County, entered May 30, 1974, denying plaintiffs' motion for certain relief at the foot of the judgment entered June 12, 1973, is affirmed. Respondents shall recover of appellants $40 costs and disbursements of this appeal. We find that the disclaimer placed on the covers of the series of foreign language phrase books published by " The New American Library, Inc." and authored by defendant Charles Berlitz is sufficient to comply with the judgment entered June 12, 1973. After six years of litigation during which Charles Berlitz was unable to use his own name as author or editor of foreign language teaching texts, it was declared that he indeed had the right to " identify himself as the editor or author of books, publications or any other materials on foreign language in any medium, so long as he makes it clear that he is not connected with plaintiffs in any way." (Judgment entered June 12, 1973.) The limitation placed upon Charles in the use of the name " Berlitz " was imposed, not pursuant to the restrictive provisions contained in the parties' agreement (which were no longer enforceable because of plaintiffs' contractual breaches), but because the name " Berlitz " had acquired secondary meaning in certain areas and the disclaimer was necessary to prevent " confusion in the mind of the public and [diversion] from plaintiff's legitimate revenues." (Opn. of SAYPOL, J. on rearg.) Although a broader limitation was sought by the plaintiffs, the trial court held such relief to be inappropriate and on appeal, this court affirmed the judgment insofar as here relevant. We note the trial court's following statement in its opinion accompanying the judgment: " Plaintiffs' attempt to prevent defendant from placing his name on the cover, jacket or spine of any writing he may produce is rejected by this court as an overreaching interpretation of the decisions heretofore rendered in this case." As stated initially, the disclaimer complies with the terms of the judgment. Such disclaimer, which appears on the cover below the author's name, provides clear indication to the public that Charles Berlitz is not presently connected with the Berlitz schools in any way. Not only is that all the judgment required, but that is all that is necessary to prevent confusion and the possible impression that perhaps defendant's books are in any manner the plaintiffs' product or connected to the plaintiffs. Nor does the language accompanying the disclaimer violate the spirit of the judgment. The references to Charles Berlitz' lineage and his background are truthful and do not detract from the disclaimer of any present association with plaintiffs. Additionally, in reaching our conclusion we note the entire context in which the disclaimer appears. While there is no disclaimer on the spine of the books, the judgment did not require the defendants to place the disclaimer wherever Charles Berlitz' name appears. And indeed, the position where the disclaimer was ultimately placed would seem to be the most logical place for it since any prospective purchaser would be likely to observe such notation at the same time he saw the author's name. Moreover, the style of the front cover of defendants' books lends further support to our conclusion that confusion will not result, for the appearance differs markedly from the Berlitz publications. Whereas plaintiffs' books emphasize the name " Berlitz " above and indeed, as part of the title, defendants' books emphasize the title to the phrase book series with the author's name appearing as an adjunct. Concur — Nunez, J. P., Murphy and Tilzer; Kupferman, J., dissents in part in a memorandum and

Steuer, J., dissents in a memorandum, as follows: Kupferman, J. (dissenting in part): When this matter was before the court on the question of a motion for a temporary injunction, the majority in denying it, stated: " The defendant has the right to use the name ' Berlitz' although such right is not an unrestricted one. Whether he uses it improperly depends on where and how." (29 A D 2d 743.) The dissent would have granted the temporary injunction. We did not alter that position in the recent opinion of this court with respect thereto after trial (44 A D 2d 665). In the most recent pronouncement by the Court of Appeals in *Wolf* v. *Illustrated World Encyclopedia* (34 N Y 2d 834), involving an author (respondent) against a publisher (appellant), it was said: " If appellant had sought to limit respondent's freedom to make duplicate or similar illustrations available to other publishers, a provision appropriate to that end should have been proposed for inclusion in respondent's contract." The recent trial went into that question. However, what we have here is solely the consideration of whether the explanatory cover material in the language books written by the defendant is such as to trade on his previous connection, even though truthful. We would modify to eliminate certain of the explanatory language at the bottom of the cover, so that instead of " Charles Berlitz, world-famous linguist and author of more than 100 language teaching books, is the grandson of the founder of the Berlitz Schools. Since 1967, Mr. Berlitz has not been connected with the Berlitz Schools in any way." it would read " Charles Berlitz, world-famous linguist and author of more than 100 language teaching books, is not connected with the Berlitz Schools in any way." We do not touch that portion thereof that contains his own self-description, but would eliminate the reference to his obvious competition, which reference implies more than it disclaims. Steuer, J. (dissenting). I would go further than my dissenting colleague. As pointed out in the original appeal, defendant's right to the use of the name depended on a proper usage. Unfortunately, what constituted a proper usage was not spelled out by the majority. In any event, as the court recognized plaintiff's superior right to the use of the name " Berlitz", it could not be a use which tended to confuse the public. And this is exactly what the defendant is doing. His publication uses the name Berlitz on the spine and cover of his books. On the spine there is no differentiation or explanation, and the paper back volumes, displayed on bookstore shelves with only the spine showing, leave the prospective buyer with only the information that it is a Berlitz book. We have already found, and the defendant has conceded, that the name has acquired a secondary meaning. Consequently the prospective buyer will be under the impression that he is buying a text put out by the plaintiff. The situation is not much better if the buyer receives his information from the face of the cover. Judge Kupferman's dissenting memorandum points out the equivocal nature of the information given. There should be added that the legend is printed in quite small type. As pointed out in *John B. Stetson Co.* v. *Stephen L. Stetson Co.* (128 F. 2d 981, 983) " We think it perfectly clear that the ' Notice of Differentiation ' does not serve to differentiate." That is the situation here. The majority decision renders a really valuable trade name valueless.