Memorandum. The order of the Appellate Division should be affirmed.
By application "at the foot of the judgment” plaintiffs seek to enforce the provisions of the declaratory judgment in which prior extended litigation was terminated in 1973. By way of implementing recognition of that declaration of rights, the judgment of Supreme Court provided that defendant Charles F. Berlitz "may not use nor authorize the use of the name Berlitz as part of the name of a foreign language teaching text”, adding specifically, however, that "Charles F. Berlitz may identify himself as the editor or author of books, publications or any other materials on foreign language in any *880 medium, so long as he makes it clear that he is not connected with plaintiffs in any way”.
Plaintiffs-appellants now seek to enjoin the publication and sale of books relating to instruction in foreign languages which while not including the name Berlitz as part of the title, do disclose Charles Berlitz as author with the following disclaimer on the front cover: "Charles Berlitz, world-famous linquist and author of more than 100 language teaching books, is the grandson of the founder of the Berlitz Schools. Since 1967, Mr. Berlitz has not been connected with the Berlitz Schools in any way.”
In our view the conduct complained of does not violate the evidently carefully drafted provisions of the Supreme Court judgment. As indicated, the name Berlitz does not appear "as part of the name of a foreign language teaching text”. While Charles Berlitz is represented as author, his disclaimer meets the literal requirement that he make it clear that he has no present connection with plaintiffs. Nothing in the judgment requires defendant to conceal either his grandparentage or his former , association with the Berlitz Schools. Nor is it asserted that his disclaimer misrepresents the true facts.
While with the benefit of hindsight plaintiffs might now prefer a differently worded judgment, it appears that the wording of the judgment which was entered was carefully chosen. The present application is not one for resettlement of the provisions of that judgment; rather it seeks enforcement of the judgment as it stands. We conclude that the conduct of defendant as disclosed in this record meets, if only precisely, the mandates of the Supreme Court judgment sought to be enforced.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.