The **BERLITZ SCHOOLS OF LANGUAGES OF AMERICA, INC.** and Berlitz Publications, Inc., Plaintiffs-Appellants,

v.

**EVEREST HOUSE, a division of Ambassador International Cultural Foundation, and Lewis W. Gillenson, Defendants-Appellees.**

No. 647, Docket 79–7692.

United States Court of Appeals, Second Circuit.

Argued Jan. 15, 1980.

Decided April 10, 1980.

Joseph Calderon, New York City (Linden & Deutsch, New York City, David Blasband, New York City, of counsel), for plaintiffs-appellants.

Leslie Gordon Fagen, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Edward N. Costikyan, New York City, of counsel), for defendants-appellees.

Before LUMBARD, MANSFIELD and NEWMAN, Circuit Judges.

LUMBARD, Circuit Judge:

Plaintiffs, the Berlitz Schools of Languages of America and Berlitz Publications (hereinafter collectively referred to as "Berlitz"), commenced this action in the Southern District against defendants, Everest House and its President, Lewis W. Gillenson, as licensors of Charles Berlitz, seeking equitable and monetary relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and for unfair competition and trademark dilution under New York State law. The suit was triggered by defendants' pub-

lication of a series of foreign language instructional books, authored by Charles Berlitz, entitled the "Step-By-Step" series.

Upon commencement of suit the plaintiffs moved, by order to show cause, to enjoin the publication of defendants' "Step-By-Step" series pending a trial on the merits. Judge Brieant found that plaintiffs failed to demonstrate a probability of success on the merits and accordingly denied the motion. Thereafter, defendants moved for summary judgment on the ground that in light of judgments in three prior state court proceedings, brought by plaintiffs against Charles Berlitz, the action was barred under the doctrines of *res judicata* and collateral estoppel. Judge Brieant granted defendants' motion on these grounds in an unreported opinion dated September 11, 1979.

Plaintiffs now appeal from the denial of injunctive relief and from the entry of summary judgment for defendants.[1] Their principal argument is that their complaint raises factual issues sufficiently different from those necessarily and finally determined in the state court litigations so that the doctrines of *res judicata* and collateral estoppel do not bar this action. They further argue that the prior state court proceedings could not deprive them of a review of their federal Lanham Act claims since these claims were never presented to the state court.

The salient facts are as follows:

Over one hundred years ago Maximilian Berlitz founded what has come to be known as the Berlitz School of Foreign Languages. Since that time the Berlitz School has operated foreign language instructional schools throughout the world. An integral part of the Berlitz method has been the publication of numerous foreign language instructional books.

For some years prior to 1967 Charles Berlitz, a grandson of the founder of the Berlitz school, and himself an accomplished linguist, was an officer and employee of Berlitz. In 1967, however, Charles Berlitz severed his relationship with the Berlitz schools and became affiliated with other publishing houses. Thereafter, in three separate actions, Berlitz challenged the right of Charles Berlitz, and his publishers, to use his name in connection with the promotion or sale of foreign language books.

The first action, entitled *Berlitz Publications, Inc. Berlitz Schools of Languages, Inc. and Berlitz Travel Services Inc. v. Charles Berlitz and Charles Berlitz International Tours, Ltd.,* (the "1967 action"), was commenced in New York Supreme Court to prevent Charles Berlitz from using his name in competition with plaintiffs.

The second action, entitled *Berlitz Publications, Inc. and Berlitz Schools of Languages, Inc. v. Charles Berlitz, Valerie Berlitz and New American Library, Inc.,* (the "1968 action"), brought in the same court, sought to enjoin the publication of a language book on Vietnamese which bore the name Berlitz.

Eventually, these two actions were consolidated for trial in the Supreme Court. At the conclusion of a twenty-day trial, the 1968 action was dismissed on the merits. A declaratory judgment was issued in the 1967 action which provided, in pertinent part:

1. The name Berlitz has acquired a secondary meaning referring to plaintiffs in the fields of the teaching of languages and publication of texts and other media related thereto.

1a. Defendants may not use nor authorize the use of the name Berlitz as part of the name of a foreign language teaching text or as part of the name of a publishing company which prepares foreign language materials.

2. Charles F. Berlitz may identify himself as the editor or author of books, publications or any other materials on foreign language in any medium, so long as he makes it clear that he is not connected with plaintiffs in any way.

The declaratory judgment was affirmed on appeal to the Appellate Division. 44 A.D.2d 665, 354 N.Y.S.2d 421 (1st Dep't 1974).

---

1. Although originally pressed in the district court, plaintiffs have, on appeal, abandoned their claims for unfair competition and dilution under New York law.

Thereafter, in 1974, Berlitz commenced yet a third proceeding in New York State Supreme Court, entitled *Berlitz Publications, Inc., Berlitz Schools of Languages, Inc. and Berlitz Travel Services, Inc. v. Charles Berlitz and Charles Berlitz International Tours, Ltd.* In this action, plaintiffs, relying upon the 1973 declaratory judgment quoted above, sought to prevent the use of Charles Berlitz's name as author of certain foreign language books, entitled the "Passport" series, despite the following disclaimer which appeared on the cover:

> Charles Berlitz, world-famous linguist and author of more than 100 language teaching books, is the grandson of the founder of the Berlitz Schools. Since 1967, Mr. Berlitz has not been connected with the Berlitz Schools in any way.

The trial court found that the cover on the "Passport" series did not violate the declaratory judgment. This decision was affirmed on appeal to the Appellate Division, 45 A.D.2d 826 (1st Dep't 1974), and by the New York Court of Appeals, 37 N.Y.2d 878, 378 N.Y.S.2d 363, 340 N.E.2d 730 (1975).

In 1978 the defendant, Everest House, and Charles Berlitz executed a contract wherein Charles Berlitz agreed to author several foreign language instructional books for publication by Everest. This new series, the "Step-By-Step", series, consisted of four books entitled, "French Step-By-Step", "Spanish Step-By-Step", "German Step-By-Step" and "Italian Step-By-Step".

In anticipation of publication Everest placed a single advertisement of the series in a trade journal, *Publishers Weekly.* The advertisement featured a picture of the author and further identified him as a world famous linguist and author of "The Bermuda Triangle." The full page advertisement also contained a miniature representation of the proposed cover for the "Step-By-Step" series. Present on the cover, below the author's name, was the identical disclaimer which appeared on the "Passport" series and which was the subject of the third state court proceeding. However, due to the drastic reduction in the size of the cover for purposes of the advertisement, the disclaimer, as reproduced in *Publishers Weekly*, was illegible.

Plaintiffs commenced suit in the district court charging that defendants publication of the "Step-By-Step" series, and their advertisement thereof, constituted trademark infringement and were violative of the prior declaratory judgment.

In denying plaintiff's request for injunctive relief Judge Brieant found that since there was a serious question as to whether the doctrines of collateral estoppel and *res judicata* would bar the instant action, plaintiffs had failed to demonstrate a probable success on the merits.

Thereafter, Judge Brieant held that the doctrines of judicial finality did indeed bar the action and accordingly granted defendants motion for summary judgment.

A brief summary of the state court proceedings demonstrates that the factual issues and legal claims presented therein are virtually identical to those in the case at bar. Whatever differences do exist in the legends of the "Step-By-Step" and "Passport" series are so insubstantial that the doctrines of judicial finality were aptly applied by the district court to bar the instant action. Accordingly, we affirm.

*Res judicata*, a doctrine of claim preclusion, provides that when a final judgment is rendered on the merits, it acts as an absolute bar to a subsequent action between the same parties or those in privity with them, based upon the same claim. *Winters v. Lavin*, 574 F.2d 46, 55–56 (2d Cir. 1978).

Similarly, when a particular issue has been finally and necessarily determined between two parties by a court of competent jurisdiction, under the doctrine of collateral estoppel the parties and their privies are precluded from relitigating the identical issue in a subsequent action based upon a different claim. *Winters v. Lavin, supra,* at 55–56.

The plaintiffs here were the plaintiffs in the three prior state court proceedings. And, while only Charles Berlitz was named as a defendant in the state proceedings, there can be no doubt that by virtue of the contractual agreement between Charles Berlitz and defendants herein, the privity requirement is satisfied.

The only real dispute is whether the claims and issues in the prior state proceedings are sufficiently similar to those asserted herein for the doctrines of judicial finality to attach.

■ Turning first to consider the doctrine of *res judicata*, it is apparent that there was no mechanical formula to be applied in determining whether two claims are truly duplicative. Rather, the determination hinges upon the factual predicate of the several claims asserted. *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). Thus, whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata.*

Applying this analysis to the case at bar, we conclude that the claims asserted in the prior state proceedings are substantially identical to those asserted herein.

■ In each of the prior proceedings, the heart of the dispute was the right of Charles Berlitz to use his name in connection with foreign language publications. And, more particularly, in the third proceeding the issue before the court was whether the use of the name Charles Berlitz as the author of a foreign language publication, together with the disclaimer quoted above, was violative of the previously issued declaratory judgment. This is precisely the factual predicate upon which the claim here is based.

■ Turning to the doctrine of collateral estoppel, it too offers no refuge for plaintiffs. The question is whether the issues finally and necessarily determined in the state proceedings are identical to those presented to the district court for determination.

■ The *sine qua non* of an action for trademark infringement, dilution of a trademark or unfair competition, is a showing by the plaintiff of the likelihood of confusion as to the origin of the goods in issue at the consumer level. *See, e. g.,*

*Corning Glass Works v. Jeannette Glass Co.,* 308 F.Supp. 1321, 1327–29 (S.D.N.Y.), *aff'd,* 432 F.2d 784 (2d Cir. 1970), citing, *Dell Publishing Co. v. Stanley Publishing, Inc.,* 9 N.Y.2d·129, 172 N.E.2d 656, 211 N.Y.S.2d 393 (1961). Indeed, this is precisely the claim made by plaintiffs in the district court as well as in each of the prior state proceedings.

In the 1967 action the state court determined that although the name Berlitz had "acquired a secondary meaning referring to plaintiffs in the fields of the teaching of languages and publication of texts . . related thereto," there would be no likelihood of confusion as to the origin of a given publication authored by Charles Berlitz "so long as he makes it clear that he is not connected with plaintiffs in any way."

Moreover, in the third proceeding, involving the "Passport" series, the court also determined that that publication, bearing on its cover the name Charles Berlitz and the disclaimer, did not violate the previously issued declaratory judgment. Thus, there are no issues with respect to plaintiffs' Lanham Act claims which have not been determined in the three prior state court proceedings.

■ Plaintiffs' principal objection to the application of the doctrines is that the facts presented herein differ substantially from those before the state court in the prior proceedings. Thus, the principal question before us is: is the legend of Charles Berlitz's name and the disclaimer on the cover of the "Step-By-Step" language books substantially different from that which was given the blessing of the New York courts? This mixed question of fact and law was decided in favor of the defendants by the district court. We cannot say that the judgment of the district court was erroneous. On the contrary, the judgment is supported by the record and the applicable law.

The appellants argue that on the "Step-By-Step" cover the name "Charles Berlitz" is larger in proportion to the disclaimer which consequently is less noticeable, and that these factual differences are sufficient to justify the relief they seek. We disagree.

It is true that the legend "Charles Berlitz" is slightly larger on the "Step-By-Step" volumes than it was on the "Passport" series, and that the disclaimer legend is slightly reduced in size. These proportional modifications are, however, so minuscule as to be hardly detectable on visual inspection. The differences are not so great as to warrant another judicial proceeding. Of course, substantially greater discrepancies in the presentation of the name "Charles Berlitz" and the disclaimer of his association with Berlitz schools may give rise to claims which might not be barred by principles of *res judicata* and collateral estoppel.

█ With respect to the lone pre-publication advertisement of the "Step-By-Step" series in *Publishers Weekly*, this too is insufficient to support the claims of the appellants. Judge Brieant observed that despite the fact that defendants pre-publication advertisement was violative of the prior declaratory judgment:

> "[p]laintiffs have made no attempt to establish what, if any, damages flowed from the publication of the offending advertisement in *Publishers Weekly*. In fact they have not made a serious claim for damages caused by that single advertisement. They appear to have seized upon the advertisement as an excuse to relitigate the issues which were fully adjudicated in state court. The violative advertisement, which appears to be a one-time offender, does not present such a question of fact as would preclude summary judgment."

Judge Brieant did, however, provide that "[i]f plaintiffs can allege and prove damages arising out of the concededly improper advertisement for the new series which appeared in *Publishers Weekly*, a point which seems doubtful, they may serve and file an amended complaint on or prior to September 4, 1979."

Despite this opportunity to show any possible damages from the pre-publication advertisement, defendants never filed an amended complaint. Moreover, plaintiffs have offered nothing on appeal to indicate that this one time publication was anything more than a solitary indiscretion on the part of the defendants which is unlikely to reoccur.

Regarding plaintiffs' assertion that they are entitled to *de novo* determination of their federally created Lanham Act rights in a federal court, it is enough to say that their state and federal claims all involved the issue of the likelihood of confusion. The state courts have concurrent jurisdiction to determine those claims, and having determined them adversely to the plaintiffs, that is the end of the matter. The remaining claims of the plaintiffs do not merit comment.

Accordingly, as there remains neither a claim nor an issue to be litigated in the district court, the judgment which dismissed the complaint is affirmed.