■ COUNTY OF ERIE et al., Appellants, v DAVID AXELROD, as Commissioner of New York State Department of Health, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered January 14, 1980 in Albany County, which denied petitioners' motion to enforce a declaratory judgment. This matter was previously before us, and in our earlier

decision wherein the pertinent underlying facts are more fully set forth (see *Erie County v Whalen,* 57 AD2d 281, affd 44 NY2d 817), we granted petitioners a judgment declaring 10 NYCRR 40.11 (1) invalid and directed respondents to reimburse petitioner Erie County for its fringe benefit expenses for its employees in two health programs. Our decision was affirmed by the Court of Appeals, and on October 25, 1978 Erie County was reimbursed for the subject expenses for part of 1975 through 1977. However, through legislation (L 1978, ch 779) and an implementing regulation (10 NYCRR 39.2), the State modified the manner in which it was to reimburse municipalities for their local health programs for the period subsequent to 1977. According to the county, the net effect of this change was to frustrate the determinations of this court and the Court of Appeals and negate the reimbursement which it had received as a result of those determinations by reducing its reimbursement after 1977. Petitioners sought to avoid this result by moving to enforce the declaratory judgment obtained in *Erie County v Whalen (supra).* Their motion was denied and the instant appeal ensued. We hold that the denial of the motion was proper and that, accordingly, the order appealed from should be affirmed. In so ruling, we would emphasize that the reimbursement ordered in *Erie County v Whalen (supra)* has concededly been paid, and petitioners do not seek to challenge the judgment in that case here, but rather question the county's total health reimbursement for 1978 as affected by new State legislation and regulation. Under these circumstances, they should proceed by a new plenary action against the State and not by motion in an action which has been terminated by a judgment which has been paid (cf. *Adams v George T. Cantrello, Inc.,* 29 AD2d 559). Order affirmed, with costs. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.