■ In the Matter of RICHARD J. KORN, Appellant, v THOMAS S. GULOTTA et al., Respondents.—In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondent Thomas S. Gulotta to submit a new 1988 budget accurately stating the entire amount of the cash balance estimated for inclusion in the general fund at the end of the 1987 fiscal year, and an action for a judgment declaring the invalidity of the 1988 budget adopted by the defendants, the appeal is from an order of the Supreme Court, Nassau County (Peter C. Patsalos, J.), entered July 16, 1990, which denied the appel-

lant's motion to hold the respondents in contempt for failing to comply with a previous order of the same court dated January 6, 1989, and for a judgment declaring invalid the 1990 Nassau County budget, and to compel the respondent Thomas S. Gulotta to submit a new 1990 budget including all surplus funds.

Ordered that the order is affirmed, with costs.

In late December 1987, Nassau County resident Richard J. Korn instituted the instant hybrid proceeding and action to invalidate Nassau County's proposed 1988 budget, contending that it failed to fully account for surplus operating funds as required by the Nassau County Charter. The Supreme Court agreed that the proposed budget violated Nassau County Charter § 302, and declared it to be unlawful and invalid. By judgments entered March 22, 1988, the court directed the respondent Thomas S. Gulotta, Nassau County Executive, to prepare a new budget which complied with the County Charter, and further directed the Board of Supervisors to adopt a new 1988 budget. These judgments were subsequently affirmed by this Court *(Matter of Korn v Gulotta,* 140 AD2d 474), and the Court of Appeals modified this Court's order with respect to the time of performance only *(Matter of Korn v Gulotta,* 72 NY2d 363).

In accordance with the directive of the Court of Appeals, on November 2, 1988, the County Executive submitted a revised 1988 budget, which was thereafter adopted by the Board of Supervisors. Although the revised budget adopted by the Board apparently did not account for the entire amount of the County's 1987 year-end surplus, the budget contained a footnote indicating that all surplus funds were accounted for in the proposed 1989 budget. The petitioner countered by moving for a judgment declaring the revised 1988 budget, adopted by the Board, illegal. In an order dated January 6, 1989, Justice DiPaola denied the requested relief, noting that while the court remained unconvinced that the County Executive and the Board had fully complied with its prior declaratory judgment, it would "serve no purpose in the administration of orderly government affairs now to declare said 1988 revised budget illegal and require Nassau County to suffer through a financial trauma and a period of uncertainty in creating a document that can have no life but could possibly affect the vitality of the current 1989 budget". In reaching its determination, the court further noted that the County Executive had represented that "henceforth all surplus funds from whatever source generated in a particular year, will be accounted for in

full in the next succeeding year's budget", and that it accepted this representation as "good faith compliance" with the prior judgment.

One year later, Richard Korn moved to hold the respondents in contempt for failing to comply with the order dated January 6, 1989, and to invalidate the County's 1990 budget because it allegedly failed to account for a $34,000,000 surplus in the Sewer Collection District's Construction Fund. The Supreme Court (Patsalos, J.), denied Richard Korn's motion, concluding that the order dated January 6, 1989, did not contain an unequivocal mandate "clearly and specifically directing the respondents therein to do, or refrain from doing, a particular act". The court further concluded that that portion of the application which sought to invalidate the 1990 budget was procedurally barred because Korn had failed to acquire jurisdiction over the respondents by serving a summons and complaint. The court further noted that the application could not simply be viewed as a motion to enforce the prior declaratory judgment since it sought to declare the 1990 budget invalid based upon the manner in which the County maintains its capital funds, "a ground heretofore unlitigated and beyond the scope of the original proceedings".

Contrary to Korn's contention, we find that the Supreme Court did not improvidently exercise its discretion by denying his motion to hold the respondents in contempt *(see, Educational Reading Aids Corp. v Young,* 175 AD2d 152). It is settled law that, in order to find that contempt has occurred in a given case, it must initially be determined that "a lawful order of the court, clearly expressing an unequivocal mandate, was in effect" *(Matter of McCormick v Axelrod,* 59 NY2d 574, 583, amended 60 NY2d 652; *see also, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233). At bar, however, while Justice DiPaola's order indicated that the court accepted the County Executive's representation that all surplus funds would be accounted for in future budgets as "good faith compliance" with its prior judgments, it did not direct the respondents to account for all such funds in future budgets. Accordingly, the respondents did not violate an "unequivocal mandate" previously imposed by the Supreme Court.

Further, we agree with the Supreme Court's conclusion that Korn's application to declare invalid the 1990 Nassau County budget is procedurally barred. Although a party is not required to commence a separate action to enforce a prior declaratory judgment *(see, Berlitz Publ. v Berlitz,* 37 NY2d

878; *Auer v Dyson,* 125 Misc 2d 274, *affd* 112 AD2d 803), since Korn's current application raises issues wholly separate and distinct from those originally raised in the hybrid proceeding and action, Korn's application cannot be construed as one to enforce the prior declaratory judgment. In this regard, we note that the 1990 budget was never at issue in the proceeding and action seeking to invalidate the 1988 budget, and that while the proceeding and action involved the manner in which the County accounted for certain operating funds, the instant motion concerns the alleged failure to account for capital funds in the 1990 budget. The appellant's present application thus cannot be construed as one to enforce the prior declaratory judgment. Accordingly, Korn's failure to properly acquire jurisdiction over the respondents by serving a summons and complaint requires dismissal of the demand for declaratory relief invalidating the 1990 budget *(see,* CPLR 103 [c]; 304).

We have examined Korn's remaining contentions, and find that they are without merit. Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.