■ In the Matter of DELILAH SMITH, Respondent, v ROBERTO DE PAZ, JR., Appellant. (Proceeding No. 1.) In the Matter of

Roberto De Paz, Jr., Appellant, v Delilah Smith, Respondent. (Proceeding No. 2.) [962 NYS2d 631]—

In two related custody proceedings pursuant to Family Court Act article 6, the father appeals, by permission, from an order of commitment of the Family Court, Nassau County (Eisman, J.), dated August 14, 2012, which, after a hearing, in effect, adjudged him to be in contempt of court and committed him to the custody of the Nassau County Correctional Facility for a term of imprisonment of 90 days. By decision and order on motion dated September 26, 2012, this Court stayed enforcement of the order of commitment, pending hearing and determination of the appeal.

Ordered that the order of commitment is reversed, on the law, without costs or disbursements.

In an order dated July 10, 2012, the Family Court directed both parents involved in this custody dispute to submit to hair follicle testing at their own expense. The order dated July 10, 2012, did not set forth a deadline for compliance. Approximately one month later, at an appearance on August 7, 2012, the Family Court directed the father to return to court on August 13, 2012, with a receipt confirming that he had paid for and undergone the hair follicle test. During the colloquy on this issue, the mother's attorney asked that "the father be directed, since the last court date, not to cut his hair again until the hair follicle test is done." The Family Court responded to that request only by stating that the individual designated to perform the test "will find a hair on his body wherever it is and have it tested."

Although the father appeared for the hair follicle test on August 13, 2012, and paid the required fee, the test allegedly could not be performed because he had shaved his body hair. At the conclusion of a hearing conducted the following day, the Family Court held the father in contempt for his alleged willful violation of its "order" dated August 7, 2012. When the father's attorney objected that there had been no order directing the father not to shave his body hair, the Family Court maintained that it had "clearly said on the record" on August 7, 2012, that the mother's attorney should not worry because the individual designated to perform the test was "so talented that she would be able to find a hair anywhere on his body." The court then issued an order of commitment adjudging the father in contempt and committing him to the custody of the Nassau County Correctional Facility for a period of 90 days. The father appeals, by permission, from the order of commitment, and we reverse.

"To sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *see Town Bd. of Town of Southampton v R.K.B. Realty, LLC*, 91 AD3d 628, 629 [2012]). Here, while the Family Court, in effect, found the father in contempt for shaving his body hair in violation of its "order" dated August 7, 2012, no such order was ever issued. Contrary to the Family Court's determination, its statement in open court on August 7, 2012, that the individual designated to perform the hair follicle test would find a hair on the father's "body wherever it is and have it tested" does not qualify as the lawful order of the court clearly expressing an unequivocal mandate which is necessary to support a finding of contempt (*see Delijani v Delijani*, 73 AD3d 972, 973 [2010]; *see also Matter of Formosa v Litt*, 91 AD3d 644, 645 [2012]). Accordingly, the Family Court erred, in effect, in holding the father in contempt.

In view of our determination, we need not address the father's remaining contentions. Eng, P.J., Dickerson, Hall and Lott, JJ., concur.