SECOND DEPARTMENT, FEBRUARY, 2016

(February 3, 2016)

■ S.P.Q.R. Co., INC., et al., Appellants, v UNITED ROCKLAND HOLDING COMPANY, INC., et al., Respondents. [24 NYS3d 701]—

In an action, inter alia, to permanently enjoin the defendants United Rockland Holding Company, Inc., and United Rockland Stairs, Inc., from trespassing on a certain disputed parcel of real property, and to compel those defendants to remove a certain fence from that property, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Berliner, J.), dated July 11, 2013, which denied their motion, inter alia, to dismiss proceedings to hold them in contempt and to vacate a certain "stop work order" issued during a hearing on those proceedings.

Ordered that the order is reversed, on the law, with costs, those branches of the plaintiffs' motion which were to dismiss the proceedings to hold them in contempt and to vacate the "stop work order" issued during a hearing on those proceedings are granted, the motion is otherwise denied as academic, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith, to be conducted forthwith; and it is further,

Ordered that pending the forthwith hearing and determination of the pending and undecided branch of the defendants' motion brought on by order to show cause dated March 2, 2012, the temporary restraining order contained in that order to show cause continues to remain in full force and effect.

This action, which was commenced in 2006, concerns a dispute over the boundaries of adjacent parcels of real property. In 2009, a trial was held before a Judicial Hearing Officer which resulted in a judgment, dated January 6, 2010, which, inter alia, held "that the courses and distances defining defendant[s'] property are accurately described and set forth on the Youngsblood map dated September 4, 1979 . . . and the Dolson map dated August 1, 2006." The judgment did not address the defendants' counterclaim seeking injunctive relief against the plaintiffs. In February 2012, the defendants filed an order to show cause under the same index number as the judgment, inter alia, to hold the plaintiffs in contempt for their alleged violation of the judgment, to enjoin the plaintiffs from performing any construction work on or near the properties' boundaries pending a determination of the proceedings to hold the plaintiffs in contempt, and to permanently enjoin certain construction work.

A hearing was held on that branch of the defendants' motion which was to hold the plaintiffs in contempt. During the hearing, the Supreme Court, in effect, preliminarily enjoined the plaintiffs from performing certain construction work pending a determination of that branch of the defendants' motion, stating that it was "issuing a stop work order immediately." After the hearing but prior to any determination of that branch of the defendants' motion which was to hold the plaintiffs in contempt, the plaintiffs moved, by order to show cause, inter alia, to dismiss the proceedings to hold them in contempt and to vacate the "stop work order" issued during the hearing. In the order appealed from, the Supreme Court, among other things, denied those branches of the plaintiffs' motion, and the plaintiffs appeal. Now, more than three years after the "stop work order" was issued, the Supreme Court has not made any determination on that branch of the defendants' motion which was to hold the plaintiffs in contempt, and the "stop work order" remains in effect.

A court's power to punish for civil contempt is found in Judiciary Law § 753 (A) (3) (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239 [1987]). "To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate of which that party had knowledge, and that, as a result of the violation, a right of a party to the litigation was prejudiced" (*Town of Huntington v Reuschenberg*, 70 AD3d 814, 815 [2010]; *see McCain v Dinkins*, 84 NY2d 216,

226 [1994]; *Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d 365, 366 [2008]). Here, contrary to the defendants' contentions, the judgment dated January 6, 2010, only declared "the courses and distances defining defendant[s'] property" as reflected in two maps; it did not contain an unequivocal mandate such as an injunction (*see Matter of Smith v De Paz*, 105 AD3d 749, 751 [2013]; *Matter of Korn v Gulotta*, 186 AD2d 195, 197 [1992]; *see also* Judiciary Law § 753 [A] [3]; *Berlitz Publs. v Berlitz*, 37 NY2d 878, 880 [1975]; *Hush v Taylor*, 121 AD3d 1363, 1365 [2014]). As such, the plaintiffs cannot be found in contempt of the judgment (*see Delijani v Delijani*, 73 AD3d 972, 973 [2010]). Therefore, the Supreme Court should have granted those branches of the plaintiffs' motion which were to dismiss the proceedings to hold them in contempt and to vacate the "stop work order" that was issued during the contempt hearing.

However, the matter must be remitted to the Supreme Court, Rockland County, for a hearing and determination of the remaining branch of the defendants' motion, which was to grant them permanent injunctive relief against the plaintiffs. In order to compel the plaintiffs to respect the boundary lines as set forth in the judgment, the defendants were required to either bring a separate plenary action to enforce their rights (*see Lynch v Bailey*, 279 App Div 650 [1951], *affd* 304 NY 669 [1952]; *see also Maflo Holding Corp. v S. J. Blume, Inc.*, 308 NY 570, 575 [1955]; *Dale Renting Corp. v Bard*, 39 Misc 2d 266, 267-268 [Sup Ct, Kings County 1963], *affd* 19 AD2d 799 [1963]), or to move "at the foot of the judgment" for follow-up relief (*Berlitz Publs. v Berlitz*, 37 NY2d at 879 [internal quotation marks omitted]; *see Matter of Korn v Gulotta*, 186 AD2d at 198; *Auer v Dyson*, 125 Misc 2d 274, 275-276 [Sup Ct, Oneida County 1984], *affd* 112 AD2d 803 [1985]; *see also* Siegel, NY Prac § 441 at 771 [5th ed 2011]). The defendants, in effect, chose the latter course by filing the order to show cause, inter alia, for permanent injunctive relief under the same index number as the judgment. However, the Supreme Court did not address that branch of the defendants' motion which was for permanent injunctive relief. Rather, the Supreme Court only held a hearing on that branch of the defendants' motion which was to hold the plaintiffs in contempt for their alleged violation of the judgment. Accordingly, that branch of the defendants' motion which was for permanent injunctive relief remains pending and undecided, and we remit the matter for a hearing and determination of that branch of the defendants' motion. In order to maintain the status quo pending the hearing and determination of that branch of the defendants' motion, the

temporary restraining order issued by the Supreme Court on March 2, 2012, continues to remain in full force and effect.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.