Cohen v Cohen (2019 NY Slip Op 03764)





Cohen v Cohen


2019 NY Slip Op 03764


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-02452
 (Index No. 1100/10)

[*1]Michal Cohen, respondent, 
v
Guy Cohen, appellant.


Banks Curran Schwam and Squirrell, LLP, Mount Kisco, NY (David J. Squirrell of counsel), for appellant.
Kathleen M. Valletta, Carmel, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a second amended judgment of divorce of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated January 15, 2015. The second amended judgment of divorce, upon a decision of the same court (Francis A. Nicolai, J.) dated July 5, 2012, made after a nonjury trial, insofar as appealed from, inter alia, awarded the plaintiff certain child support, made an equitable distribution of the parties' marital assets, directed the defendant to provide the plaintiff with a Get pursuant to Domestic Relations Law § 253, and, upon an order of the same court (Victor G. Grossman, J.) dated March 7, 2014, inter alia, granting, in effect, that branch of the plaintiff's motion which was for a hearing on the issue of the defendant's refusal to provide the plaintiff with a Get to the extent of requiring the defendant to provide the Get prior to receiving any distribution of marital property, in effect, directed the defendant to provide the plaintiff with a Get prior to receiving any distribution of marital property.
ORDERED that the second amended judgment of divorce is modified, on the law, (1) by deleting the provision thereof directing the defendant to provide the plaintiff with a Get pursuant to Domestic Relations Law § 253; (2) by deleting the provisions thereof enjoining and restraining the defendant from using or withdrawing any funds from the International Business Machines (IBM) 401(k) plan and personal pension plan, the Ally Bank account ending in 3949, the Vanguard account ending in 4517, the Hudson Valley Federal Credit Union IRA, the Emigrant Bank account ending in 605-6, the Chase Bank accounts ending in 7965 and 7901, the Everbank account ending in 3596, and the Hudson Valley Federal Credit Union sub-account number S-9.2 pending further order of the court; (3) by deleting the provision thereof directing the plaintiff to transfer to the defendant one half of the treasury bonds maintained in an account ending in 9142 within 20 days of the date of her receipt of a Get from the defendant, and substituting therefor a provision directing the plaintiff to transfer to the defendant one half of the treasury bonds maintained in the account ending in 9142; and (4) by deleting the provision thereof directing the plaintiff to pay to the defendant the sum of $8,751.32 upon delivery of the Get, and substituting therefor a provision directing the plaintiff to pay to the defendant the sum of $8,751.32; as so modified, the second amended judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on May 14, 1998, and have one child, born in 2001. In 2010, the plaintiff wife commenced this action for a divorce and ancillary relief. Thereafter, the [*2]parties reached an agreement on the issues of child custody and parental access. The issues of child support and equitable distribution were addressed during a nonjury trial, which was held over the course of five days in September and October 2011. The Supreme Court issued a decision dated July 5, 2012, and a judgment of divorce dated November 29, 2012. Thereafter, the court issued an amended judgment of divorce dated August 13, 2013, and a second amended judgment of divorce dated January 15, 2015. The second amended judgment of divorce, inter alia, upon an order dated March 7, 2014, directed the defendant to provide the plaintiff with a Get (a Jewish religious divorce decree) prior to receiving any distribution of marital property. The defendant appeals from the second amended judgment of divorce.
We disagree with the Supreme Court's determination directing the defendant to provide the plaintiff with a Get. Domestic Relations Law § 253 does not provide that a defendant in an action for divorce, where the marriage was solemnized by a member of the clergy or a minister, must provide the plaintiff with a Get. Since the court should not have directed the defendant to provide the plaintiff with a Get, the penalties imposed due to the defendant's failure to do so must be vacated (see Matter of Smith v De Paz, 105 AD3d 749, 751; Delijani v Delijani, 73 AD3d 972, 973; Vujovic v Vujovic, 16 AD3d 490, 491).
We do not reach the defendant's contentions that the Supreme Court, in the second amended judgment of divorce, directed distributions based upon mathematical and factual errors. The defendant, in support of these contentions, refers, inter alia, to the disposition of various bank accounts. However, since the record does not include any documentation to which the defendant refers, the record is inadequate to review his contentions (see U.S. Bank N.A. v Cope, 167 AD3d 965).
The remaining issues raised by the defendant on this appeal, including his contentions that he was deprived of a fair trial; that the Supreme Court inappropriately applied the Child Support Standards Act (Domestic Relations Law § 240[1-b]) guidelines to a combined parental income exceeding $130,000; that the court improvidently exercised its discretion in making an equitable distribution of marital property, including the grant or denial of certain credits; and that the court improperly awarded counsel fees to the plaintiff, could have been raised on his appeal from the amended judgment of divorce dated August 13, 2013. By decision and order on motion of this Court dated June 10, 2015, that appeal was dismissed for failure to timely perfect. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been reviewed on that appeal (see Horn v Horn, 145 AD3d 666, 669). We decline to exercise our discretion in the instant appeal to determine the merits of these issues (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court