Auer v Dyson (2019 NY Slip Op 07185)





Auer v Dyson


2019 NY Slip Op 07185


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


898 CA 19-00388

[*1]MARTIN S. AUER, PLAINTIFF, AND LAWRENCE SLOANE, PLAINTIFF-APPELLANT,
v
JOHN S. DYSON, GEORGE L. INGALLS, RICHARD M. FLYNN, FREDERICK R. CLARK, ROBERT I. MILLONZI, CONSTITUTING POWER AUTHORITY OF THE STATE OF NEW YORK, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






AARON M. ZIMMERMAN, SYRACUSE, AND GARY LAVINE, FOR PLAINTIFF-APPELLANT. 
HOLLAND & KNIGHT, LLP, NEW YORK CITY (KATHERINE A. SKEELE OF COUNSEL), PUGH, JONES & JOHNSON, P.C., AND MICHAEL MCCARTHY, ASSISTANT GENERAL COUNSEL, NEW YORK POWER AUTHORITY, WHITE PLAINS, FOR DEFENDANTS- RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered September 7, 2018. The order, inter alia, granted the motion of defendant Power Authority of the State of New York for a change of venue to Albany County. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Using an index number assigned to a declaratory judgment action that settled in the 1980s, Lawrence Sloane (plaintiff) moved by order to show cause in 2018 to, inter alia, "enforce" the various determinations made in the prior action. Plaintiff now appeals from an order that, inter alia, granted the motion of defendant Power Authority of the State of New York to change venue.
We dismiss the appeal because plaintiff charted an improper procedural course under these circumstances. Although a party is not generally required to commence a separate action to enforce a prior declaratory judgment, plaintiff's current motion raises issues "wholly separate and distinct" from those raised in the prior action and thus cannot be treated as a proper application to enforce the determinations rendered in such prior action (Matter of Korn v Gulotta, 186 AD2d 195, 197-198 [2d Dept 1992], lv dismissed 81 NY2d 759 [1992], rearg denied 81 NY2d 835 [1993]). In other words, plaintiff "should [have] proceed[ed] by a new plenary action" rather than by "motion in an action which has been terminated" (County of Erie v Axelrod, 80 AD2d 701, 702 [3d Dept 1981], lv dismissed 53 NY2d 604, 797 [1981]), and it is undisputed that plaintiff did not commence a new plenary action. "Without an underlying action the order putatively on appeal does not constitute an appealable paper," and the appeal must therefore be dismissed (Matter of Town of Cicero v Lakeshore Estates, LLC, 152 AD3d 1168, 1169 [4th Dept 2017]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court