WILLIAM GREGORI et al., Respondents-Appellants, v ACE 318 CORP. et al., Appellants-Respondents, and DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, February 27, 1989

*See, Gregori v Ace 318 Corp.,* 141 Misc 2d 514, 134 Misc 2d 871.

**APPEARANCES OF COUNSEL**

*Wayne G. Hawley* and *Susan M. Cohen* for respondents-appellants. *O'Rourke & Degen (Thomas H. O'Rourke* and *Paula R. Schapp* of counsel), for appellants-respondents. *Bruce Kramer* and *Janessa C. Nisley* for respondent.

## OPINION OF THE COURT

The above-named respondents-appellants having by notice of motion dated the 6th day of December 1988 moved for an order granting reargument of the order of this court dated November 16, 1988, or in the alternative, granting leave to appeal to the Appellate Division, First Department,

Now upon reading and filing said notice of motion and the statement of Susan M. Cohen affirmed the 6th day of December 1988 and the papers annexed and the statement of Janessa C. Nisley affirmed the 14th day of December 1988 in favor of said motion, and no one appearing in opposition thereto,

It is ordered that said motion be and the same hereby is granted to the extent of granting reargument and upon reargument—since it is now apparent that the court of original jurisdiction in its May 13, 1987 order also adjudged respondents in civil contempt and imposed penalties thereon—we recall our Per Curiam opinion filed November 16, 1988 and substitute therefor the following:

Per Curiam.

Order entered May 13, 1987 modified, by vacating the portion of the order sentencing respondent Rose Hiller to a 10-day term of imprisonment and by amending the order to provide that each petitioner is entitled to $250 as the statutory fine for respondents' civil contempt; as so modified, order affirmed.

The record amply supports Civil Court's findings of guilt on the contempts. We vacate the portion of the order below imposing a jail sentence upon the aged respondent Rose Hiller, taking cognizance that respondent Steven Hiller (son of Rose Hiller) has already served a jail sentence as a consequence of the Hillers' failure to make the mandated repairs. With respect to petitioners' cross appeal concerning the amount of the fine for civil contempt, we note that each petitioner, as an "aggrieved party" or "complainant", is entitled to recover the statutory fine of $250 (Judiciary Law § 773; see, Santana v 144th St. Holding Corp., NYLJ, May 14, 1984, at 13, col 3 [App Term, 1st Dept]). Each petitioner clearly has a separate contempt claim and should not be penalized because those claims have been consolidated in one proceeding.

OSTRAU, P. J., SANDIFER and MILLER, JJ., concur.