■ In the Matter of GOUIRAN HOLDINGS, INC., Petitioner, v ROBERT H. MCCORMICK, as Deputy Superintendent of the New York State Department of Banking, Respondent. EMILE E. GOUIRAN, Appellant.—Order, Supreme Court, New York County (Robert E. White, J.), entered January 25, 1989, which adjudged Emile Gouiran in criminal contempt and sentenced him to 10 days' imprisonment and a fine of $250, unanimously affirmed, with costs and disbursements.

The evidence was sufficient as a matter of law to support the finding of criminal contempt. Moreover, a review of the evidence adduced at the hearing shows that the court's finding was not against the weight of the evidence. *(See, People v Bleakley,* 69 NY2d 490, 495.) Section 750 (3) of the Judiciary Law defines criminal contempt as "[w]ilful disobedience" to a court's lawful order. As with any other criminal charge, each element of criminal contempt must be proven beyond a reasonable doubt. *(Bloom v Illinois,* 391 US 194, 205; *N. A. Dev. Co. v Jones,* 99 AD2d 238, 242.)

The evidence adduced at the hearing shows that appellant was bound by the terms of the court's order of March 2, 1988, which, *inter alia,* prohibited him from entering or remaining on the premises of Gouiran Holdings, Inc. (GHI), a mortgage banking company, whose sole stockholder was appellant's mother. Appellant, an attorney, had a law office in the same building in which GHI maintained its offices. On June 22, 1988 appellant was present in the office of the controller of GHI, Vito Allegretti. This office, unlike other areas of the building which were used by both GHI and law office employees, was clearly GHI premises. Moreover, appellant's presence there was more than a technical violation of the order. While there, he essentially took charge by ordering the bank examiners to leave the premises, instructing Allegretti not to respond to the examiners' questions, and ultimately, physically assaulting one of the examiners by slamming the cover of the photocopy machine on his hands.

Moreover, the evidence belies appellant's claim that he had a good-faith, if erroneous, belief that the order was no longer

in effect at the time the violation took place. While such a belief would have negated the willfulness required for a finding of contempt *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 241; *People v Marrero,* 69 NY2d 382, 386), in this case appellant's actions clearly demonstrated his belief that he was in violation of the order. In particular, by first giving a false name to the bank examiner and then attempting to conceal his true identity, appellant showed an awareness that his presence was improper. *(See, People v Miller,* 123 AD2d 721, *lv denied sub nom. People v Keating,* 70 NY2d 933.)

Appellant correctly argues that the requirement of Judiciary Law § 752 that the court set forth the particular circumstances of his offense applies to all judicial criminal contempts whether or not committed in the court's presence. *(People ex rel. Barnes v Court of Sessions,* 147 NY 290, 297.) However, the court's findings in this case included all the elements of contempt and fully informed appellant of the act of which he was being charged and thus met this requirement.

Service was properly effected pursuant to CPL 308 (2). *(Department of Hous. Preservation & Dev. v 24 W. 132 Equities,* 137 Misc 2d 459, *affd* 150 AD2d 181, *appeal dismissed* 74 NY2d 841, *cert denied sub nom. Morfesis v Department of Hous. Preservation & Dev.,* — US —, 110 S Ct 1130.) Appellant's argument that the affidavits of service were defective was waived by his appearance (CPLR 320 [b]) and is, in any case, completely unsupported by the record. Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.