■ 317 WEST 87 ASSOCIATES et al., Respondents, v JEFFREY C. DANNENBERG, Defendant and Third-Party Plaintiff, et al., Defendant. KUROFF ASSOCIATES, Third-Party Defendant-Appellant; ARNOLD PROSS, Nonparty Appellant.—Order and Judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered March 22, 1990, which, *inter alia,* awarded plaintiffs $149,778.41 as a fine, sanctions and damages against non-party witness-appellant Arnold Pross, unanimously affirmed, with costs.

The judgment arises out of an order of the same court entered May 5, 1989, which granted plaintiffs' motion for an order to punish Pross and third-party defendant Kuroff Associates for contempt of court pursuant to Judiciary Law § 753 *et seq.* and CPLR 3126 for creating, executing and back dating a fraudulent lease rider, submission and use of same and a false affidavit in the lawsuit, false testimony, obstruction of justice, fraud and subornation of perjury, which order was affirmed by this Court *(317 W. 87 Assocs. v Dannenberg,* 159 AD2d 245). The matter was referred to a Referee, who determined, on uncontradicted evidence, that certain attorneys' and experts' fees and disbursements were incurred by plaintiffs. Plaintiffs moved for an order confirming the report and awarding damages in accordance with Judiciary Law § 773, CPLR 3126 and the prior contempt order, as well as fees and expenses incurred in connection with the contempt motion and appeal. The court, *inter alia,* granted the motion for an award of a fine, sanctions and damages in the amount of $149,778.41.

Pross concedes the perjury committed by him during the course of the action, and that he should be fined in some amount. He argues, however, that fees in connection with the contempt proceeding are not recoverable under the second paragraph of Judiciary Law § 773, as actual damages were recovered under the first paragraph of Judiciary Law § 773. However, an award under the second paragraph of Judiciary

Law § 773 is appropriate herein, as multiple contumacious acts were engaged in which entitled plaintiffs to separate and independent fines. *(Matter of Beiny,* 164 AD2d 233.) The sanctions were also appropriate under CPLR 3126. *(See, e.g., Imex Discovery Resources v Allstate Hosiery Mills,* 156 AD2d 137.)* Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.