■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v METROPOLITAN POLICE CONFERENCE OF N. Y., INC., et al., Defendants. THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent-Appellant, v STATE OF NEW YORK DISTRICT ATTORNEY INVESTIGATORS POLICE BENEVOLENT ASSOCIATION, INC., et al., Defendants, and JOHN TROTTER, LTD., et al., Appellants-Respondents. [647 NYS2d 11] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 13, 1995, which, after a hearing, *inter alia*, held defendants John Grillo and John Trotter, Ltd. in civil and criminal contempt of a certain

consent judgment of the Supreme Court, New York County and, on the finding of criminal contempt, fined them $1,000 each, unanimously modified, on the law and on the facts, to remand the matter for a recalculation of penalties and, except as thus modified, affirmed, without costs or disbursements.

Defendants Grillo and Trotter were properly held in civil and criminal contempt since the record amply supports, beyond a reasonable doubt, the hearing court's conclusion that they violated a consent judgment (*see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation*, 70 NY2d 233, 240; *Matter of Gouiran Holdings v McCormick*, 163 AD2d 44, *lv dismissed* 76 NY2d 851).

Defendants Grillo and Trotter were not entitled to the prior statements of witnesses at the hearing since the discovery rule announced in *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), as codified in CPL 240.45 (1) (a), is not applicable to criminal contempt proceedings arising out of a civil action, which are civil special proceedings governed by the CPLR (*Matter of Department of Hous. Preservation & Dev. v Deka Realty Corp.*, 208 AD2d 37, 51, and cases cited therein).

Although the IAS Court found defendants in criminal contempt for multiple acts of disobedience of the consent judgment, consisting of 44 fraudulent telephone solicitations over a span of three years, it determined, citing *Deka Realty* (*supra,* 208 AD2d, at 45), that the maximum fine permitted under Judiciary Law § 751 (1) for criminal contempt is $1,000 per defendant. "[T]he gravamen of criminal contempt is the willful disobedience of the court's lawful mandate. It is the act of disobedience, not the multiple manifestations or consequences of that act, which constitutes a contempt." (*Supra,* at 45.) The Attorney-General here seeks a $1,000 fine for each fraudulent telephone solicitation. This is not a case where there are "multiple manifestations or consequences" of a single act of disobedience as in *Deka Realty* (*supra,* at 45), but rather multiple acts of disobedience, for which separate fines may be imposed.

We have considered defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Nardelli and Mazzarelli, JJ.