■ INCORPORATED VILLAGE OF PLANDOME MANOR, Respondent, v JOHN IOANNOU, Appellant. [862 NYS2d 592]—

In an action pursuant to Village Law § 7-714, inter alia, to permanently enjoin the defendant from, among other things, constructing any structure for which no permit has been issued, or which is the subject of a stop work order or a revoked permit, or from occupying any structure for which no certificate of completion or occupancy has been issued, the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered April 6, 2007, which granted the plaintiff's motion to hold him in civil contempt for violating a temporary restraining order of the same court (Jonas, J.), dated June 27, 2006, and imposed a fine in the amount of $250 plus the costs and expenses incurred by the plaintiff in making the motion.

Ordered that the order entered April 6, 2007 is modified, on the law, by adding to the first sentence of the last paragraph on page two thereof the words "and that the defendant's conduct was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of the plaintiff"; as so modified, the order is affirmed, with costs to the plaintiff.

To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate, of which that party had knowledge, and that as a result of the violation a right of a party to the litigation was prejudiced (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Kalish v Lindsay*, 47 AD3d 889, 891 [2008]; *Giano v Ioannou*, 41 AD3d 427 [2007]). "[I]t is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*Hinkson v Daughtry-Hinkson*, 31 AD3d 608, 609 [2006], quoting *Jim Walter Doors v Greenberg*, 151 AD2d 550, 551 [1989]; *see Conners v Pallozzi*, 241 AD2d 719 [1997]; *Italian Am. Civic Assn. of Mineola, N.Y. v Cataldo*, 225 AD2d 733 [1996]; *Gordon v Janover*, 121 AD2d 599, 600 [1986]).

Here, the record reveals that the defendant was aware of the clear and unequivocal temporary restraining order previously issued by the Supreme Court, and violated it, and that such conduct defeated, impaired, impeded, or prejudiced the plaintiff's rights or remedies. Contrary to the defendant's contention, he failed to raise a factual issue warranting a hearing (*see Cashman v Rosenthal*, 261 AD2d 287 [1999]). We note that, although the court failed to include in its order the required recital that the defendant's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the plaintiff's rights or remedies, the finding of contempt is supported by the record, and thus the omission was a mere irregularity that may be corrected on appeal (*see Lopez v Ajose*, 33 AD3d 976, 977 [2006]; *Raphael v Raphael*, 20 AD3d 463, 464 [2005]; *Home Surplus of Brooklyn v Home Surplus*, 3 AD3d 472, 473 [2004]). Prudenti, P.J., Covello, Balkin and Dickerson, JJ., concur.