■ TOWN OF HUNTINGTON, Appellant, v CHANNING REUSCHENBERG et al., Respondents. [893 NYS2d 638]—

In an action, inter alia, to permanently enjoin the defendants from violating various provisions of the Town Code of the Town of Huntington in connection with their use of certain real property identified as district 400, section 128, block 5, lot 4, on the Suffolk County tax map and directing them to restore and remediate certain portions of the real property to its prior natural state, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 23, 2008, as denied its motion to hold the defendants in contempt for violating two prior temporary restraining orders of the same court (Molia, J.; Cohalan, J.), dated March 6, 2007, and January 9, 2008, respectively, and those branches of its separate motion which were for a preliminary injunction, inter alia, compelling the defendants to remove all equipment, concrete product, and materials from areas on the real property designated as the disturbed area and woodland area, to maintain the disturbed area and woodland area in a natural state during the pendency of this action, to secure and make safe the disturbed area and woodland area, by, among other things, installing silt fencing and hay bales to prevent erosion, to maintain such structures during the pendency of this action, to require the defendant to remove all debris and unregistered vehicles from the property, and to disassemble and remove a certain shed located on the real property.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion to hold the defendants in contempt and substituting therefor a provision granting that motion, and (2) by deleting the provisions thereof

denying those branches of the plaintiff's separate motion which were for a preliminary injunction compelling the defendants to secure and make safe the disturbed area and woodland area by installing silt fencing to prevent erosion, and to maintain such a structure during the pendency of this action, and substituting therefor a provision granting those branches of the separate motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate of which that party had knowledge, and that, as a result of the violation, a right of a party to the litigation was prejudiced (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d 365 [2008]). "[I]t is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*Hinkson v Daughtry-Hinkson*, 31 AD3d 608, 608 [2006] [internal quotation marks omitted]).

Here, the record reveals that the defendants were aware of the clear and unequivocal mandates contained in two temporary restraining orders previously issued by the Supreme Court, and violated them, and that such conduct defeated, impaired, impeded, or prejudiced the plaintiff's rights or remedies. The defendants failed to raise a factual issue warranting a hearing. Further, contrary to the defendants' contention, the temporary restraining orders had not expired during the period of their contemptuous conduct. Accordingly, under these circumstances, the Supreme Court should have granted the plaintiffs' motion to hold the defendants in civil contempt (*see e.g. Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d at 366).

To obtain preliminary injunctive relief based on a violation of its zoning ordinances, a town need only show that it has a likelihood of success on the merits and that the equities are balanced in its favor (*see Town of Riverhead v Gezari*, 63 AD3d 1042 [2009]; *Town of Riverhead v Silverman*, 54 AD3d 1024 [2008]; Town Law § 268 [2]). Under the circumstances presented here, we agree with the plaintiff's contention that the Supreme Court erred in failing to grant that branch of its separate motion which was for a preliminary injunction compelling the defendants to secure and make safe the Disturbed Area and Woodland Area of

the subject property by installing silt fencing to prevent erosion, and to maintain such a structure during the pendency of this action.

The plaintiff's remaining contentions are without merit. Covello, J.P., Santucci, Miller and Eng, JJ., concur. **[Prior Case History: 2008 NY Slip Op 33140(U).]**