SECOND DEPARTMENT, NOVEMBER, 2010

(November 3, 2010)

■ WILLIAM ALDERMAN, Respondent, v DONNA ALDERMAN, Appellant. [909 NYS2d 916]—In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Walker, J.), dated September 25, 2009, which granted those branches of the plaintiff's motions which were to hold her in civil contempt for violating an order of the same court (Snyder, Ct. Atty. Ref.) dated April 24, 2009, and for an award of an attorney's fee, and (2) an amended order of the same court (Walker, J.) entered October 2, 2009, which granted those branches of the plaintiff's motion which were to hold her in civil contempt for violating orders of the same court (Snyder, Ct. Atty. Ref.), dated January 26, 2009, and January 30, 2009, respectively, and for an award of an attorney's fee.

Ordered that the order dated September 25, 2009, and the amended order entered October 2, 2009, are affirmed, with one bill of costs to the plaintiff.

"To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate, of which that party had knowledge, and that as a result of the violation a right of a party to the litigation was prejudiced" (*Incorporated Vil. of Plandome Manor v Ioannou,* 54 AD3d 365, 366 [2008]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216, 226-227 [1994]; *Astrada v Archer,* 71 AD3d 803, 806 [2010]; *Town of Huntington v Reuschenberg,* 70 AD3d 814, 815 [2010]; *Casavecchia v Mizrahi,* 57 AD3d 702, 703 [2008]).

Here, the record reveals that the defendant was aware of the clear and unequivocal mandates contained in the subject orders previously issued by the Supreme Court, that she violated those orders, and that her conduct defeated, impaired, impeded, or prejudiced the plaintiff's rights or remedies. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motions which were to hold the defendant in civil contempt.

Moreover, under the circumstances of this case, the Supreme Court's awards of attorney's fees to the plaintiff were appropri-

ate (*see Quinn v Quinn*, 73 AD3d 887 [2010]). Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.