■ Town Board of Town of Southampton, Respondent, v R.K.B. Realty, LLC, et al., Appellants. (Action No. 1.) Marilyn Bishop et al., Respondents, v R.K.B. Realty, LLC, et al., Appellants. (Action No. 2.) [936 NYS2d 228]—

"To sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect," that "the order has been disobeyed," and that the charged party "had knowledge of the court's order" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *see Town of Copake v 13 Lackawanna Props., LLC*, 73 AD3d 1308, 1309 [2010]). The same act may be punishable as both a criminal and civil contempt (*see Town of Copake v 13 Lackawanna Props., LLC*, 73 AD3d at 1309). Civil contempt must be proven by clear and convincing evidence and requires a showing that the rights of a party have been prejudiced (*see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d 365, 366 [2008]). Such a showing is not needed to prove criminal contempt "since the right of the private parties to the litigation is not the controlling factor" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d at 240). "A key distinguishing element between civil and criminal contempt is the degree of willfulness of the subject conduct. To be found guilty of criminal contempt, the contemnor usually must be shown to have violated the order with a higher degree of willfulness than is required in a civil contempt proceeding" (*id.*; *McCain v Dinkins*, 84 NY2d at 226; *Dalessio v Kressler*, 6 AD3d 57, 66 [2004]). Moreover, criminal contempt must be proven beyond a reasonable doubt (*see Muraca v Meyerowitz*, 49 AD3d 697, 698 [2008]).

The defendants David T. Schiavoni, East End Gunite Pools Supply, LLC, and East End Cement & Stone, Inc., doing business as East End Gunite Pool Supplies (hereinafter collectively the East End defendants), contend that the provisions of a stipulation dated February 24, 2009, cannot provide the basis of an adjudication of contempt. This contention is without merit. The February 24, 2009, stipulation, which amended a "so-ordered stipulation" dated September 3, 2008, after the defendants failed to fully comply with the provisions therein, was negotiated between the parties, read into the record in open court, and accepted by the court as a "supplemental order" without objection. As such, the stipulation dated September 3, 2008, as amended by the stipulation dated February 24, 2009, may be considered a court order (*see Fuerst v Fuerst*, 131 AD2d 426, 427 [1987]).

Moreover, under the circumstances presented, the Supreme Court properly granted the plaintiffs' joint motion to hold the

East End defendants in civil and criminal contempt for failing to comply with this lawful order. The East End defendants were aware of the clear and unequivocal provisions set forth in the stipulations, and violated these provisions. This conduct defeated, impaired, impeded, or prejudiced the plaintiffs' rights or remedies (*see Town of Huntington v Reuschenberg*, 70 AD3d 814, 815 [2010]; *Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d at 366). In addition, the plaintiffs presented detailed testimony and numerous photographs and documents demonstrating, beyond a reasonable doubt, that the East End defendants willfully and openly flouted the authority of the court (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d at 241; *Town of Copake v 13 Lackawanna Props., LLC*, 73 AD3d at 1310). Thus, the East End defendants were properly held in civil and criminal contempt.

With respect to the fines imposed, the Supreme Court found that the East End defendants engaged in multiple contumacious acts and imposed fines for each separate instance of civil contempt and criminal contempt. Contrary to the contention raised by the East End defendants, this is a case in which separate fines may be imposed. The record reveals "multiple acts of disobedience" (*People v Metropolitan Police Conference of N.Y.*, 231 AD2d 445, 446 [1996]), as opposed to "multiple manifestations or consequences" of a single act of disobedience (*Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp.*, 208 AD2d 37, 45 [1995]; *see also 317 W. 87 Assoc. v Dannenberg*, 170 AD2d 250, 250 [1991]).

While the same act may be punishable as both a civil and criminal contempt, "the two types of contempt serve separate and distinct purposes" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d at 239). A criminal contempt "involves an offense against judicial authority and is utilized to protect the integrity of the judicial process and to compel respect for its mandates" (*id.* at 239). The aim in a criminal contempt proceeding is "solely to punish the contemnor for disobeying a court order" and the penalty imposed is punitive rather than compensatory (*id.; see State of New York v Unique Ideas*, 44 NY2d 345, 349 [1978]). Civil contempt, on the other hand, "seeks vindication for individuals who have been injured or harmed by a contemnor's failure to obey a court order" (*Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp.*, 208 AD2d at 42 [internal quotation marks and brackets omitted]). Civil contempt fines must be "remedial in nature and

effect" and awards should be formulated "not to punish an offender, but solely to compensate or indemnify private complainants" (*State of New York v Unique Ideas*, 44 NY2d at 349).

Under the circumstances of this case, considering the multiple acts of disobedience and the purpose of criminal contempt, a $1,000 fine assessed against each of the three contemnors, for each of the five separate acts of disobedience, was appropriate to vindicate the Supreme Court's authority (*see People v Metropolitan Police Conference of N.Y.*, 231 AD2d at 446; *cf. Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp.*, 208 AD2d at 45).

The fines for civil contempt in action No. 1, payable to the Town of Southampton, were similarly appropriate. Judiciary Law § 773 distinguishes between the amount of the fine assessable in two separate types of civil contempt proceedings: "one where actual damage has resulted from the defendants' contemptuous acts and one where there may be prejudice to a complainant's rights but it is not shown that such an actual loss or injury has been caused" (*State of New York v Unique Ideas*, 44 NY2d at 349 [internal quotation marks omitted]; *see Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp.*, 208 AD2d at 43). With respect to ation No. 1, the Supreme Court properly found that the rights of the municipal plaintiff were prejudiced as a result of the East End defendants' actions, and properly based the civil fines imposed on the statutory maximum found in paragraph two of Judiciary Law § 773 (*see Town of Huntington v Reuschenberg*, 70 AD3d 814 [2010]; *Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d 365 [2008]).

The aggregate fine of $13,750 imposed for civil contempt in action No. 2 was also proper. Inasmuch as no proof was adduced with respect to the actual damages suffered by the individual plaintiffs, the court properly imposed the maximum statutory fine of $250 pursuant to Judiciary Law § 773. In addition, under the circumstances of this case, the Supreme Court correctly calculated the aggregate fine by multiplying the maximum statutory fine by the number of individual acts of contempt, and by the number of individual "aggrieved" plaintiffs (*see* Judiciary Law § 773; *see Matter of Beiny*, 164 AD2d 233, 238 [1990]; *Gregori v Ace 318 Corp.*, 142 Misc 2d 1028 [1989]).

The Supreme Court did not improvidently exercise its discretion in denying the motion by the East End defendants to modify the "so-ordered" stipulation dated September 3, 2008.

The East End defendants' remaining contentions are without merit. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.

**[Prior Case History: 2010 NY Slip Op 31452(U).]**