255 Butler Assoc., LLC v 255 Butler, LLC (2019 NY Slip Op 04344)





255 Butler Assoc., LLC v 255 Butler, LLC


2019 NY Slip Op 04344


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-10260
 (Index No. 511560/15)

[*1]255 Butler Associates, LLC, respondent,
v
255 Butler, LLC, appellant.


Heller Horowitz & Feit, P.C., New York, NY (Stuart A. Blander of counsel), for appellant.
Sills, Cummis & Gross, P.C., New York, NY (Mitchell D. Haddad, Matthew P. Canini, and Lonuzzi & Woodland, LLP, Brooklyn, NY [John Lonuzzi], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated September 14, 2017. The order, in effect, granted the plaintiff's motion to modify "the court's prior September 22, 2015, order, as amended," by, inter alia, reducing the monthly amount owed by the plaintiff to the defendant for use and occupancy of the subject property from $111,041.66 to $0, "as long as the Notice of Default remains on the property."
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to modify "the court's prior September 22, 2015, order, as amended," is denied.
In March 2013, the defendant landlord entered into a lease with the plaintiff tenant, with respect to certain real property located at 255 Butler Street, also known as 484 Baltic Street and 224 Nevins Street, in Brooklyn (hereinafter the subject property). The lease contained a schedule setting forth the annual rent payable by the plaintiff for each of the next 49 years, aggregating over $130 million. The lease provided, inter alia, that the plaintiff was required to "diligently pursue" the conversion of the vacant building located on the subject property "initially into a multi unit commercial property, which may include a hotel, and subsequently at [the plaintiff's] election, into commercial, retail, residential, hotel or any other legal use." In July 2015, the defendant served the plaintiff with written notice, alleging several defaults under the lease. After the plaintiff purportedly failed to cure all of the alleged defaults, the defendant served the plaintiff with a notice of termination of tenancy.
On September 22, 2015, the plaintiff commenced this action against the defendant and simultaneously moved by order to show cause for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). The Supreme Court signed the order to show cause and included a provision directing that, "pending hearing of this motion, Defendant may accept as use and occupancy the monthly rent without prejudice." On November 23, 2015, the parties, who [*2]were represented by experienced counsel, entered into a so-ordered "Stipulation for Pendente Lite Payment of Use and Occupancy" (hereinafter the November 2015 stipulation), pursuant to which they agreed that, "[w]ithout prejudice to the rights of either party, on or before the first day of each month, plaintiff shall pay, pendente lite, use and occupancy in the monthly amount of $111,041.66 to [the defendant], in addition to all real estate taxes and other impositions as they become due as required by the subject lease between the parties."
More than one year later, the plaintiff moved to modify "the Court's prior September 22, 2015, order, as amended," by reducing the amount owed by the plaintiff to the defendant for use and occupancy to "a nominal amount per month," vacate the plaintiff's obligation to pay impositions and maintain insurance for the property, and direct that the payment for use and occupancy be held in escrow pending a final determination of the action. In this motion, the plaintiff essentially sought to modify the November 2015 stipulation. In support of its motion, the plaintiff submitted, among other things, the affidavit of Shmuel Boymelgreen, the plaintiff's sole officer and managing member. Boymelgreen averred, inter alia, that the lease was "worthless" and that payment of use and occupancy during the pendency of the action at an amount equivalent to the rent set forth in the lease was unjust and inequitable. He complained that the plaintiff was unable to obtain financing to develop the subject property as a result of the allegedly improperly issued notices of default and termination and that the plaintiff is "unable to derive any benefit whatsoever from [its] occupancy." The defendant opposed the motion, and the parties subsequently submitted evidence to the court regarding the fair market rental value of the subject property. By order dated September 14, 2017, the Supreme Court, in effect, granted the plaintiff's motion and modified the November 2015 stipulation by reducing the monthly amount owed by the plaintiff to the defendant for use and occupancy of the property from $111,041.66 to $0, "as long as the Notice of Default remains on the property." The defendant appeals.
The so-ordered November 2015 stipulation was negotiated by the parties and accepted by the Supreme Court, and, as a result, may be considered a court order (see Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d 628, 629). "Although the Supreme Court retains inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice, [a] court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or excusable neglect" (Nationstar Mtge., LLC v Russo, 167 AD3d 913, 915 [citations and internal quotation marks omitted]; see Matter of 35 Jackson House Apts. Corp. v Yaworski, 163 AD3d 805, 806; Hodge v Development at Helderberg Meadows, LLC, 114 AD3d 1122, 1123). Nevertheless, "[u]nder almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief" (RCS Recovery Servs., LLC v Mensah, 166 AD3d 823, 825 [internal quotation marks omitted]; see Weitz v Murphy, 241 AD2d 547, 548).
Here, the plaintiff failed to demonstrate that it would be unjust or inequitable to enforce the November 2015 stipulation in accordance with its terms (see Yeun-Ah Choi v Shoshan, 136 AD3d 506, 506; MBR Contr., Inc. v Atakhanian, 136 AD3d 763, 764; Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d at 629). "The award of use and occupancy during the pendency of an action or proceeding accommodates the competing interests of the parties in affording necessary and fair protection to both'" (MMB Assoc. v Dayan, 169 AD2d 422, 422, quoting Eli Haddad Corp. v Redmond Studio, 102 AD2d 730, 731). " [A]n occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties'" (Matter of First Am. Tit. Ins. Co. v Cohen, 163 AD3d 814, 816, quoting Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559, 560; see Bronx Park Phase II Preserv. LLC v V.C., 56 Misc 3d 1218[A], 2017 NY Slip Op 51063[U], *6 [Civ Ct, Bronx County]). "The value of use and occupancy is the net value that would have been received by the landlord, taking into account the net profit from the rental, along with any maintenance costs that would have been incurred" (Marini v Lombardo, 79 AD3d 932, 935). Although the landlord generally has the burden of proving the amount owed by the tenant (see Mushlam, Inc. v Nazor, 80 AD3d 471, 472; Power Test Petroleum Distribs. v LaMarche, 110 AD2d 893, 894), here, it was the plaintiff's burden, on its [*3]motion to modify the "September 22, 2015 order, as amended," to demonstrate that the payment of use and occupancy in the amount of $111,041.66 per month was unjust.
In concluding that the subject property had no value "as long as the Notice of Default remains on the property," the Supreme Court erroneously considered the value to the plaintiff of using and occupying the subject property after the lease was purportedly terminated, instead of considering the fair market rental value of the subject property, namely, the amount that a prospective commercial tenant would be willing to pay to lease the subject property from the defendant (see Freidus v Eisenberg, 123 AD2d 174, 178, mod 71 NY2d 981; Mushlam, Inc. v Nazor, 80 AD3d at 472; Gallagher v Roman, 58 AD3d 800, 801-802; Beacway Operating Corp. v Concert Arts Socy., 123 Misc 2d 452, 454 [Civ Ct, NY County]). Unlike a situation where the property at issue lacked a valid certificate of occupancy rendering any residential tenancy illegal (see Caldwell v American Package Co., Inc., 57 AD3d 15), or where the property at issue was encumbered by a landmark designation restricting its use (see Beacway Operating Corp. v Concert Arts Socy., 123 Misc 2d 452), the notices of default and termination issued by the defendant to the plaintiff do not similarly encumber the subject property so as to render the fair market rental value $0.
Moreover, in the event that the plaintiff is successful at trial and it is determined that the plaintiff did not default on its obligations under the lease, the plaintiff may be entitled to recover damages, including "a refund or rent credit" (43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 502; see New York Physicians LLP v Ironwood Realty Corp., 103 AD3d 410, 411; Morris Hgts. Health Ctr., Inc. v DellaPietra, 38 AD3d 261, 261). Accordingly, under these circumstances, no basis existed for the Supreme Court to grant the plaintiff's motion to modify the November 2015 stipulation.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.

2017-10260 DECISION & ORDER ON MOTION
255 Butler Associates, LLC, respondent,
v 255 Butler, LLC, appellant.
(Index No. 511560/15)

Motion by the respondent, inter alia, to strike the appellant's brief on an appeal from an order of the Supreme Court, Kings County, dated September 14, 2017, on the grounds that it refers to matter dehors the record and improperly raises issues for the first time on appeal. By decision and order on motion of this Court dated February 7, 2018, that branch of the motion which was to strike the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the appellant's brief is denied.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court