Oxman v Oxman (2020 NY Slip Op 03173)





Oxman v Oxman


2020 NY Slip Op 03173


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kern, Oing, Singh, JJ.


10468 350213/04

[*1] Ellen Oxman, Plaintiff-Respondent-Appellant,
v
John Craig Oxman, Defendant-Appellant-Respondent.


Blank Rome LLP, New York (Dylan S. Mitchell of counsel), for appellant-respondent.
Norman A. Olch, New York, for respondent-appellant.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered December 8, 2017, which, insofar as appealed from as limited by the briefs, held plaintiff wife in contempt for violating an order of protection, same court and Justice, entered on or about May 10, 2016, and sanctioned her $10,000 pursuant to Judiciary Law § 753, awarded defendant husband, pursuant to Domestic Relations Law § 238, $10,000 in attorneys' fees incurred as a result of his contempt application and plaintiff's violation of the May 10, 2016 order, and denied defendant's application for attorneys' fees pursuant to the parties' stipulation of settlement, unanimously affirmed, without costs.
Supreme Court's failure to provide plaintiff with notice pursuant to Judiciary Law § 770 was harmless under the particular facts of this case (cf. People v Slaughter, 78 NY2d 485, 492 [1991]; People v Hillard, 73 NY2d 584, 586-587 [1989]). In that regard, defendant established by clear and convincing evidence that plaintiff knowingly disobeyed the clear and unequivocal May 10, 2016 order, causing prejudice to him (see Simens v Darwish, 104 AD3d 465 [1st Dept 2013]). The order clearly identified prohibited communications. Plaintiff repeatedly disobeyed its terms, and she does not disclaim knowledge or understanding of those terms. Prejudice to defendant is readily apparent, given the nature of the emails and the identity of their recipients, including his employer's chief executive officer. Plaintiff's assertions that the offending emails pre-dated the May 2016 order are belied by the record, which shows that almost every email is dated after May 2016. Some of the emails attach or re-forward older emails, but the transmitting emails post-date May 2016.
The $10,000 fine is not excessive, given plaintiff's multiple separate emails in disobedience of the order (see Judiciary Law § 773; Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d 628, 631 [2d Dept 2012]; 317 W. 87 Assoc. v Dannenberg, 170 AD2d 250, 251 [1st Dept 1991]). Nor did plaintiff offer any financial evidence to support her contention that the fine is punitive.
The award to defendant of $10,000 in attorneys' fees is proper. Plaintiff argues that any award must be limited to fees directly incurred in preparing the contempt motion. However, the court reasonably found that $10,000 in fees was "directly related to [plaintiff's] contemptuous conduct" and therefore is recoverable (see e.g Vider v Vider, 85 AD3d 906, 908 [2d Dept 2011]). Defendant's submissions included bills commencing in May 2016, reflecting work done in response to plaintiff's violations of the May 10, 2016 order. Defendant did not file his motion until October 2016, but the conduct warranting the award of fees necessarily preceded the filing of the motion, and therefore the award rationally includes fees incurred before October 2016.
In light of the court's reasonable reduction of the approximately $14,000 in billed fees to $10,000, one particular billing entry, for approximately $2,000, that plaintiff claims was unrelated to the contempt proceedings does not warrant disturbing the fee award.
Plaintiff's argument that the court failed to identify the specific communications that violated the May 10, 2016 order is without merit, given the clarity of the May 10, 2016 order and [*2]plaintiff's failure to cite any authority showing that it was the court's obligation to do so.
Plaintiff's arguments about the validity and effect of her "Notice of Discontinuance" and the denial of her recusal motion are not properly before us. Were we to entertain them, we would reject them.
The court properly denied defendant's application for fees pursuant to paragraph 59 of the parties' stipulation of settlement. Defendant's argument that fees incurred in connection with plaintiff's cross motion fall within this provision is unpreserved and, in any event, unavailing. Rather than challenging or seeking to set aside the stipulation, plaintiff sought to reverse the court's denial of her previous efforts to withdraw her motion to invalidate the stipulation.
While defendant's request for attorneys' fees incurred in the Connecticut action presents a closer case, we agree with the motion court's denial of that request as well.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
The Decision and Order of this Court entered
on December 3, 2019 (178 AD3d 441 [1st Dept 2019]) is hereby recalled and vacated (see M-811 decided
simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK