Matter of Marszalek v Stanford (2022 NY Slip Op 06247)

Matter of Marszalek v Stanford

2022 NY Slip Op 06247

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-09206
 (Index No. 219/19)

[*1]In the Matter of Mark Marszalek, appellant,
v
Tina Stanford, etc., respondent.

Mark Marszalek, Otisville, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated September 26, 2018, the petitioner appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated October 9, 2020. The order, insofar as appealed from, upon granting that branch of the petitioner's motion which was to hold the respondent in civil contempt for failing to comply with a judgment of the same court dated January 3, 2020, imposed a fine of only $250 upon the respondent, denied that branch of the petitioner's motion which was, in effect, to annul a parole release determination dated March 9, 2020, and direct the respondent to conduct a de novo parole release interview, and denied those branches of the petitioner's separate motions which were to hold nonparties Chanwoo Lee and Elsie Segarra in civil contempt.
ORDERED that the order dated October 9, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to CPLR article 78, seeking to annul a determination of the New York State Board of Parole (hereinafter the Board) dated September 26, 2018, which denied his application to be released on parole. By judgment dated January 3, 2020, the Supreme Court, inter alia, granted the petition, finding that the Board's determination to deny the petitioner's release evinced irrationality bordering on impropriety, annulled the September 26, 2018 determination denying parole, and remitted the matter to the respondent for a de novo parole release interview and review in compliance with all applicable statutes and regulations. After being denied parole release again on March 9, 2020, the petitioner moved, among other things, to hold the respondent, Tina Stanford, the Chairperson of the Board, in civil contempt for failing to comply with the directives contained in the January 3, 2020 judgment. Therein, the petitioner also requested, in effect, that the March 9, 2020 parole release determination be annulled and the respondent be directed to conduct a de novo parole release interview. In separate motions, the petitioner moved, inter alia, to hold nonparties Chanwoo Lee and Elsie Segarra, the Commissioners of the Board responsible for the March 9, 2020 parole release determination, in civil contempt for failing to comply with the directives contained in the January 3, 2020 judgment. In an order dated October 9, 2020, the Supreme Court granted that branch of the motion which was to hold the respondent in civil contempt and imposed a fine of $250 upon her, plus costs and expenses, [*2]denied that branch of the motion which was, in effect, to annul the March 9, 2020 parole release determination and direct the respondent to conduct a de novo parole release interview, and denied those branches of the petitioner's separate motions which were to hold Lee and Segarra in civil contempt. The petitioner appeals.
The Supreme Court properly denied that branch of the petitioner's motion which was, in effect, to annul the March 9, 2020 parole release determination and direct the respondent to conduct a de novo parole release interview, as it lacked jurisdiction to do so in the context of a contempt finding (see Matter of Ferrante v Stanford, 172 AD3d 31; Matter of Banks v Stanford, 159 AD3d 134).
Contrary to the petitioner's contention, this is not a case in which separate fines may be imposed for separate acts of disobedience (see Weissman v Weissman, 131 AD3d 529; Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d 628). The Supreme Court providently exercised its discretion in imposing a $250 fine upon the respondent, plus costs and expenses, in accordance with Judiciary Law § 773 (see Matter of Banks v Stanford, 159 AD3dat 146; Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d 37, 45).
The petitioner's remaining contentions are without merit.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court