Kohli v Tewari (2023 NY Slip Op 02615)

Kohli v Tewari

2023 NY Slip Op 02615

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 365297/21 Appeal No. 271-272-273-274-275 Case No. 2022-01552, 2022-01554, 2022-02226, 2022-02227, 2022-02304 

[*1]Geeta Kohli, Plaintiff-Respondent,
v
Sanjay Tewari, Defendant-Appellant.

Abrams Fensterman, LLP, White Plains (Robert A. Spolzino of counsel), for appellant.
Blank Rome LLP, New York (Brett S. Ward of counsel), for respondent.

Judgment, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered April 18, 2022, inter alia, awarding plaintiff wife $174,500 plus interest, and bringing up for review order, same court and Justice, entered March 8, 2022, which awarded the wife certain pendent lite support, and order, same court and Justice, entered on or about April 12, 2022, which found defendant husband in contempt for violating the court's pendent lite orders, unanimously affirmed, with costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered March 29, 2022, which authorized the wife to have a limited power of attorney, unanimously dismissed, without costs, as moot. Order, same court and Justice, entered May 13, 2022, which denied defendant husband's motion to disqualify plaintiff wife's counsel, and granted her cross-motion for sanctions, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying the husband's motion to disqualify the wife's counsel from representing her in this action (Harris v Sculco, 86 AD3d 481 [1st Dept 2011]; Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]). The totality of the circumstances make clear that the husband did not retain the wife's counsel in connection with an Administration for Children's Services investigation (see Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 99 [1st Dept 2008]). Moreover, the husband's delay in making the motion waived any objection to the other party's representation (Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692, 694 [2d Dept 2013]; St. Barnabas Hosp. v New York City Health & Hosps. Corp., 7 AD3d 83 [1st Dept 2004]). The court also did not abuse its discretion in awarding the wife counsel fees on her cross-motion, given that the timing of the motion appeared to be an attempt to gain a tactical advantage and delay resolution of the action (see Solow v Grace & Co., 83 NY2d 303 [1994]; 22 NYCRR 130-1.1; Grozea v Lagoutova, 67 AD3d 611 [1st Dept 2009]).
We decline to disturb the pendente lite award, as there has been no showing of exigent circumstances (Anonymous v Anonymous, 167 AD3d 527, 527 [1st Dept 2018]; Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]). Ordinarily, an aggrieved party's remedy for any perceived inequities in a pendente lite award is a speedy trial, and there is no basis for any exception present (Anonymous v Anonymous, 63 AD3d 493, 497 [1st Dept 2009], lv dismissed 14 NY3d 921 [2010]).
With respect to the court's order of a limited power of attorney to effectuate expeditious renewal of the expiring lease, we note that this issue is moot, as the limited power of attorney has expired, as has the lease renewal, and the rights of the parties will no longer be directly affected by the determination of the appeal (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Accordingly, the appeal from that [*2]order is dismissed as moot (Matter of Anonymous [Billie Boggs] v New York City Health & Hosps. Corp., 70 NY2d 972, 974 [1988].
Supreme Court did not abuse its discretion in finding the husband in contempt for his disobeying the court's pendente lite support orders (El-Dehdan v El-Dehdan, 114 AD3d 4, 14-15 [2d Dept 2013], affd 26 NY3d 19 [2015]). The husband was fully aware of the lawful orders. Moreover, the wife's prejudice is amply supported in the record. At a minimum, she and the children were facing eviction due to the husband's refusal to pay the court ordered carrying costs of the marital apartment. The court's preclusion of newly proffered evidence of the husband's purported inability to pay pendente lite support was warranted, given his continuous refusal to comply with discovery orders (Casey v Casey, 39 AD3d 579, 580 [2d Dept 2007]; cf. Holliday v Jones, 36 AD3d 557 [1st Dept 2007]). Finally, under the circumstances, the court's award of counsel fees to the wife for her having to make the contempt motion was a provident exercise of the court's discretion (Oxman v Oxman, 184 AD3d 404, 405 [1st Dept 2020], lv dismissed 36 NY3d 963 [2021]; 22 NYCRR 130-1.1[d]).
We have considered the husband's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023