**Crestview 360 Holdings, LLC v Wercberger**

2025 NY Slip Op 32376(U)

July 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 504060/2025

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 7th day of July 2025.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

-----------------------------------------------------------------------x

CRESTVIEW 360 HOLDINGS, LLC,

        Plaintiff,

    -against-

WOLF WERCBERGER,

        Defendant.

-----------------------------------------------------------------------x

Index No. 504060/2025

Cal. No. 8    MS 11

**Decision and Order**

The following e-filed papers read herein:
MS 11

NYSCEF Doc Nos.
176-81, 193, 197-98

Defendant's second motion seeking contempt and sanctions against plaintiff and plaintiff's counsel, Israel Goldberg, Esq. is decided as follows:

### Background

This action arises from plaintiff's allegation that it was fraudulently induced to deposit $15 million into an escrow account controlled by an attorney, who thereafter unlawfully transferred the funds to defendant as part of a scheme to pay so-called "hush money." By Decision and Order dated June 26, 2025, the court granted defendant's motion to dismiss and dismissed the action in its entirety pursuant to CPLR 3211 (a) (3) and (7).

1

[* 1]

On February 4, 2025, plaintiff obtained an ex parte temporary restraining order ("TRO"), which was subsequently vacated by the court. In obtaining the TRO, plaintiff failed to disclose the existence of a related parallel proceeding in Rockland County, New York, as well as a prior denial of substantially similar relief in said action. In his affirmation in support of the TRO application, counsel for plaintiff, Israel Goldberg, Esq. ("Attorney Goldberg"), represented under penalty of perjury that "no prior application has been made for the relief sought herein" (*see* NYSCEF Doc. No. 6), notwithstanding the prior application, in violation of CPLR 2217 (b), which requires disclosure of all prior applications for similar relief as follows: "An ex parte motion shall be accompanied by an affidavit stating the result of any prior motion for similar relief and specifying the new facts, if any, that were not previously shown."

During the time frame ranging from February 7-12, 2025, after the present action was commenced, but before serving defendant with the complaint, Attorney Goldberg issued at least 26 subpoenas to a plethora of financial institutions and other entities, endeavoring to marshal extensive financial information concerning defendant. Defendant alleges that plaintiff failed timely to serve copies of the subject subpoenas on opposing counsel in violation of CPLR 2303 (a), which provides that:

> "A copy of a subpoena duces tecum served in a pending civil judicial proceeding shall also be served . . . on each party who has appeared in the civil judicial proceeding so that it is received by such parties promptly after service on the witness and before the production of books, papers or other things."

On March 5, 2025, the court held oral argument on plaintiff's order to show cause, culminating in the denial of the order to show cause, as well as the vacating of the TRO. In the wake of the hearing, the court issued an Order, dated March 5, 2025 (*see* NYSCEF Doc. No. 118) directing plaintiff's counsel to: (1) "provide defendant's counsel a full list of all subpoenas issued

[* 2]

in this action within 7 days"; (2) "within 5 business days notify all subpoena recipients to date that the Court has stayed compliance and provide copies of communications to defendant's counsel"; and (3) "if any records are provided/obtained/turned over, they shall be within 5 business days disclosed to defendant's counsel (*id.*). The Order memorialized Attorney Goldberg's representation on the record that "no records/documents have been received pursuant to any subpoena." Additionally, the Court indicated on the record that "the Court is also troubled by the fact that the papers were filed under false pretenses" which is "deeply troubling to this Court."

By letter dated March 20, 2025, Attorney Goldberg informed the Court that "the subpoenas sought to be quashed . . . ha[d] been withdrawn and the subpoenaed parties ha[d] been informed that they should not respond to the subpoenas and are not to provide the requested documents." However, defense counsel contends that Goldberg failed to comply with the March 5, 2025 Order by failing to timely produce to defendant the list of subpoenas or to notify recipients of the stay.

On May 1, 2025, the Court heard oral argument on defendant's first motion for contempt. During the appearance in question, the Court asked plaintiff's counsel, Attorney Goldberg, whether he had "received any responses [to subpoenas] to date." Mr. Goldberg responded on the record, "[a]t present, no, but I have to go back and check what's in the office," and further stated, "I haven't been in the office since before Passover." The Court then instructed Mr. Goldberg, "When you go back and check [your office], can you send [defense counsel] an email or letter within five days, updating?" Mr. Goldberg replied, "Sure, Judge." The motion for contempt was resolved in accordance with the terms stated on the record.

On May 2, 2025, one day after the hearing, Attorney Goldberg e-mailed defense counsel and, for the first time, disclosed that he had received responses to at least eight subpoenas. He attached photographs of unopened envelopes containing responsive documents, several of which

[* 3]

bore postmarks dated February 18, 19, 20 and 26, as well as March 5, 10 and 24, 2025. The subject postmark dates suggest that, had Attorney Goldberg perused his office mail before the March 5 and May 1, 2025 court appearances, he would have been aware that subpoena responses had been received, contrary to his representations at both appearances that no such responses had arrived. For its part, the defense opines that it is "not possible and not believable that Goldberg, standing before the Court on March 5, 2025, was not aware of the fact that subpoena responses from February 18, 19, 20 and 26 were sitting on his desk at his office."

On June 10, 2025, defendant interposed the present second motion for civil contempt, asserting that Goldberg knowingly made false statements to the Court, violated multiple court orders, and deliberately concealed the receipt of subpoenaed materials. Defendant now seeks a finding of civil contempt pursuant to Judiciary Law § 753(A), an award of legal fees, and an order compelling Attorney Goldberg to appear for a deposition to enable defendant to ascertain the nature, timing and extent of the subpoena responses received. Defendant further asserts that Attorney Goldberg's conduct is part of a broader pattern of litigation misconduct that has suffused the present action, impeding the fair resolution of this proceeding.

In opposition, Attorney Goldberg contends that he did not willfully violate any court orders and that, at the time of his representations to the Court on March 5 and May 1, 2025, he was not in physical possession of any subpoena responses because his firm's mail, addressed to 14 Wall Street, New York, New York, was being forwarded to his home office due to his Covid-19 era downsizing and remote work arrangement. Attorney Goldberg asserts that he only became aware of the subpoena responses after receiving the forwarded mail, at which juncture he promptly notified defense counsel and provided photographs of the sealed envelopes. Attorney Goldberg avers that he complied with the Court's directives as soon as he had actual possession of the

4

[* 4]

subpoena-related responses and denies acting in bad faith, while castigating adverse counsel owing to counsel's allegedly unfounded and inflammatory accusations.

In reply, defendant contends that Attorney Goldberg's contention that he had not checked his office mail for nearly three months is implausible, relying on an envelope mailed on March 10, 2025 from Manhattan, where Goldberg's office is located, as evidence of his presence at his office during such time frame.

## Discussion

"To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate, of which that party had knowledge, and that as a result of the violation a right of a party to the litigation was prejudiced" (*Inc. Vil. of Plandome Manor v Ioannou*, 54 AD3d 365, 366 [2d Dept 2008]). "[I]t is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*id.*).

In the present proceeding, while Attorney Goldberg did not evince optimal diligence or preparation before court appearances, the record does not support a finding of civil contempt. Although Attorney Goldberg stated on the record on May 1 that he had not received any responses, he also qualified his answer by indicating that he had "not been in the office since before Passover." The Court instructed Goldberg to "send [defense counsel] an email or letter within five days" updating on the status of subpoena responses, with which directive Attorney Goldberg duly adhered within a compressed one-day time frame. Attorney Goldberg e-mailed defense counsel on the following day, disclosed the existence of subpoena responses he had just found, and provided counsel with photographs of the sealed envelopes. Attorney Goldberg also affirms that he did not

5

[* 5]

open the envelopes, which representation is buttressed with photographic evidence. While it would have been more prudent for Attorney Goldberg to have checked his office mail before appearing in court, he acted with alacrity in the aftermath of the May 1, 2025 court appearance, and in a manner that comported with the Court's directives.

Additionally, by letter dated March 20, 2025, Goldberg informed the Court that the subpoenas at issue had been withdrawn and that the subpoenaed parties had been instructed not to respond. To the extent that some responses had already been mailed before the withdrawal, those materials remain sealed, have not been reviewed or utilized, and are preserved. In light of the withdrawal of the subpoenas and the fact that no use has been made of the subpoenaed documents, the Court finds that plaintiff's conduct does not rise to the level of "defeat[ing], impair[ing], imped[ing] or prejudic[ing] the rights" of defendant.

### Conclusion

Based on the foregoing, defendant's motion is denied.

It is further ORDERED that within ten (10) days of entry of this Decision and Order, plaintiff shall bring all original envelopes containing any documents received in response to subpoenas issued in this action to Courtroom 956, Kings County Supreme Court, located at 360 Adams Street, Brooklyn, New York 11201, for inspection by the Court and secure shredding under Court supervision.

Any argument not explicitly addressed herein was considered and deemed to be without merit or unnecessary to address given the court's determination.

ENTER:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

6