■ EVELYN VILLEGA, an Infant, by Her Mother and Natural Guardian, EVELYN AYALA, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [647 NYS2d 1] —Order, Supreme Court, Bronx County (Luis A. Gonzalez, J.), entered on or about September 6, 1994, which granted plaintiffs' motion to preclude defendant from offering a defense on the issue of notice of the defective condition on its premises, and denied defendant's cross-motion for an order (1) resettling the court's prior order of July 16, 1993, and (2) extending defendant's time nunc pro tunc to comply with said order, unanimously reversed, to the extent appealed from, on the law, the facts, and in the exercise of discretion, without costs, defendant's motion for renewal and reargument deemed a motion for renewal, renewal granted and upon renewal, plaintiffs' motion denied. Appeal from order, same court and Justice, entered January 24, 1996, which denied defendant's motion to renew and reargue the prior order, unanimously dismissed as academic, without costs.

Although trial courts are afforded wide latitude in supervising pretrial discovery, preclusion, like the striking of an answer, is an extreme and drastic measure to be invoked only where the refusal to obey an order for disclosure or failure to disclose is clearly contumacious or deliberate (*Berman v Szpilzinger*, 180 AD2d 612). Upon our review of the record, we find that preclusion was unjustified in this case, and rose to the level of an abuse of discretion, given that defendant's conduct was neither willful, contumacious nor in bad faith. Indeed, defendant's submission to plaintiff of almost 100 pages of documents related to this case indicates a willingness to cooperate and defendant's failure to comply with only one court order, in light of the explanations proffered, and its reasonable efforts to comply, did not warrant the penalty imposed. Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.