■ KASIM HOLLIDAY et al., Appellants, v "JOHN JONES," a Person Intended to be the Operator of the Vehicle Owned by Laura Lem, et al., Defendants, and CITY OF NEW YORK et al., Respondents. [829 NYS2d 458]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered October 25, 2005, which denied plaintiffs' motion for an order of preclusion, unanimously affirmed, without costs.

Denial of plaintiffs' motion in this personal injury action to preclude the City from offering evidence at trial of police actions taken prior to 2:29 A.M. on February 11, 1995 was a proper exercise of discretion. In order to invoke the drastic remedy of

preclusion (CPLR 3126), the court must determine that the party's failure to comply with a disclosure order was willful, deliberate and contumacious (*Vatel v City of New York*, 208 AD2d 524 [1994]). The City did comply with discovery orders requiring production of police communications for the relevant period (*see Villega v New York City Hous. Auth.*, 231 AD2d 404 [1996]). Plaintiffs failed to substantiate that the Corporation Counsel's letter, advising that all tapes in its possession were available for plaintiffs' inspection, amounted to an admission of failure to disclose the tapes, constituting noncompliance with the court's disclosure order. Concur—Mazzarelli, J.P., Friedman, Williams, McGuire and Malone, JJ.