Miller v Camelot Communications Group, Inc. (2022 NY Slip Op 02091)





Miller v Camelot Communications Group, Inc.


2022 NY Slip Op 02091


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Index No. 150387/15 Appeal No. 15640 Case No. 2021-02074 

[*1]Linda Miller, Plaintiff-Respondent,
v
Camelot Communications Group, Inc., et al., Defendants-Appellants.


Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for appellants.
Kelner & Kelner, New York (Joshua D. Kelner of counsel), respondent.



Order, Supreme Court, New York County (Mary V. Rosado, J.), entered June 10, 2021, which denied defendants' motion under CPLR 4404(a) to set aside a verdict in favor of plaintiff and to order a new trial, unanimously modified, on the law, the motion granted in part and denied in part, and the matter remanded for a new trial on damages, and otherwise affirmed, without costs.
The trial court abused its discretion in precluding defendants from using a deposition given by plaintiff in a prior personal injury action (compare Holliday v Jones, 36 AD3d 557, 557-558 [1st Dept 2007] ["(i)n order to invoke the drastic remedy of preclusion. . . the court must determine that the party's failure to comply with a disclosure order was willful, deliberate and contumacious"]). Plaintiff could not have been surprised by defendants' use of her deposition testimony, as she was obviously aware that she had given the deposition, and she had received a copy of the transcript (CPLR 3101[e]). Moreover, plaintiff's prior deposition testimony was directly relevant to the injuries for which she sought damages in this action. In addition, plaintiff's counsel concedes that plaintiff would not have been prejudiced by defendants' failure to produce the documents at issue if she had been represented by the same counsel in this action and in the prior personal injury action. However, plaintiff was in fact represented in this action by her counsel in the prior personal injury action on the date that the court's scheduling order required defendant to turn over any statements made by plaintiff. Therefore, defendants should not be penalized for not having done so.
However, defendants' claim that the manner in which the trial court delivered a supplemental charge regarding Vehicle and Traffic Law § 1111 was confusing or misleading to the jury is purely speculative (see Aragon v A & L Refrig. Corp., 209 AD2d 268, 269 [1st Dept 1994]). We also reject defendants' argument that the verdict sheet required reversal and that the jury's verdict was not supported by the evidence adduced at trial. 
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022