Georgia Malone & Co., Inc. v E&M Assoc. (2026 NY Slip Op 00835)

Georgia Malone & Co., Inc. v E&M Assoc.

2026 NY Slip Op 00835

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 150660/2014|Appeal No. 5823-5824-5825-5826-5827-5828|Case No. 2024-05316, 2024-05351, 2024-05352, 2024-05353, 2024-06273, 2025-02803|

[*1]Georgia Malone & Company, Inc., Plaintiff-Respondent,
vE&M Associates, et al., Defendants-Appellants.

Shlansky Law Group, LLP, New York (David J. Shlansky of counsel), for Langer LLCs and E & M Associates, LLC, appellants.
Morrison Cohen LLP, New York (Latisha V. Thompson of counsel), for LL Manhattanville LLC, AZG Manhattanville LLC, 153-157 Lenox Holdings LLC, 161-171 Morningside LLC, 164-172 West 141 Holdings LLC, 311 West 111LLC, 35 Morningside Holdings LLC, 65-67 Lenox LLC and 770 St Nicholas LLC, appellants.
Castro Law Group PLLC, New York (Claude Castro of counsel), for respondent.

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered on September 16, 2024, awarding plaintiff the sum of $6,720,452.05 on its breach of contract cause of action, unanimously reversed, on the law, with costs, the judgment vacated, and the matter remanded for a new trial before a different Justice. Appeals from order, same court and Justice, entered on or about January 18, 2024, which denied the motion by defendants Irving Langer and E&M Associates to preclude plaintiff from introducing certain evidence or relying on a prior order of this Court to establish any fact, without prejudice to raising any appropriate objections at trial; from order, same court and Justice, entered on or about February 6, 2024, which denied the motion by defendants Scott Katz, Aryeh Ginzberg, Estate of Leibel Lederman and several related LLCS to deem admitted all of the requests in their notice to admit dated December 13, 2023; from order, same court and Justice, entered on or about February 6, 2024, to the extent it denied the motion of defendants Irving Langer, E&M Associates and numerous entities referred to by the parties collectively as the "Langer LLCs," for a directed verdict; from order, same court and Justice, entered July 24, 2024, which, following a jury trial, ordered the clerk to enter judgment in favor of plaintiff and against corporate defendants in the amount of $3,400,000 plus interest and costs; and from order, same court and Justice, entered April 7, 2025, which denied the motion by defendants E&M Associates and the Langer LLCs pursuant to CPLR 4404(a) to set aside the verdict, unanimously dismissed, with costs, as subsumed in the appeal from the final judgment.
The trial court's preclusion of defendants' use of documents and evidence from a related action, Galanter v Georgia Malone, et al., index No. 650734/2014 (Galanter), was in error. Defendants attempted to introduce evidence from Galanter to establish that plaintiff had admitted in that casethat its commission from its work achieving the Singer portfolio "unwind" was also related to its work selling the portfolio. Preliminarily, the material is properly part of the record before us, because it was at issue before the trial court, and to exclude it would effectively deprive defendants of appellate review. Furthermore, the mere fact that the material was excluded from trial does not render it unreviewable (see Baer v Anesthesia Assoc. of Mount Kisco, LLP, 57 AD3d 817, 818 [2d Dept 2008]). On the merits, our previous decision in this case, Georgia Malone & Co., Inc. v E&M Assoc. (210 AD3d 472 [1st Dept 2022]), did not preclude defendants' use of testimony and other documentary evidence by plaintiff's principal, Georgia Malone, here. While we observed in that decision that plaintiff's statements in Galanter were not a "clear admission" that the commission paid by Singer was based in part on work plaintiff performed as his broker on the sale, we ultimately held that there remained unresolved issues of fact as to whether plaintiff acted as a broker on the sale. Malone's statements in Galanter, as admissions of a party of a material fact, are competent evidence against plaintiff, and defendants should not have been precluded from using them in their defense of this action (see generally People v Caban, 5 NY3d 143, 151 n [2005]; see also Matter of Newman, 231 AD3d 12, 22-23 [1st Dept 2024]). Moreover, the information was properly admissible for impeachment purposes (see Miller v Camelot Communications, Group, Inc., 203 AD3d 628, 629 [1st Dept 2022]).
It was not error for the court to deny defendants' request for a directed verdict on the issue of Michael Langer's authority to sign the confidentiality agreement. This Court previously accepted defendants' argument that they were entitled to dismissal of plaintiff's claims for breach of implied contract, quantum meruit and unjust enrichment on the basis that there is an enforceable contract (see Georgia Malone & Co., Inc. v E&M Assoc., 163 AD3d 176, 188 [1st Dept 2018]). They are estopped from asserting otherwise before us now. We note that the individual defendants were properly dismissed from the action, as "it is well established that officers or agents of a company are not personally liable on a contract if they do not purport to bind themselves individually" (Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]).
However, it was error for the trial court to direct a verdict on the counterclaims for fraudulent inducement and breach of fiduciary duty asserted against plaintiff by the entities in which the Lederman estate and Aryeh Ginzberg had an interest. Plaintiff's principal admitted at trial that she failed to disclose to Michael Langer and other defendants that plaintiff was already working for the seller of the properties at issue, and because, as discussed above, the improperly excluded Galanter evidence could have bolstered those claims.
Defendants also raised compelling arguments that the trial court's jury charge was improper. The trial court posed a single question to the jury on the verdict sheet: "Did the plaintiff prove, by a fair preponderance of the credible evidence, that it was the mutual intent of the signatories to the commission agreement that E&M Associates, along with the successors, assigns and affiliates of E&M Associates, would be bound by the obligation to pay a commission to the plaintiff if those successors, assigns and affiliates purchased the Singer portfolio." The trial court failed to charge the jury as to the elements of a breach of contract claim for each LLC defendant, including the amount of damages that plaintiff was entitled to based in part on evidence adduced at trial that Baruch Singer retained an interest in the portfolio after the sale. The trial court also did not charge the jury on whether Michael Langer, on behalf of E&M Associates, had the authority to bind each of the remaining LLC defendants and whether each of the LLC defendants was bound by the agreement's terms.
Against this backdrop, plaintiff's request for sanctions is denied. The matter should be transferred to a different Justice for trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026